HYMAN KUPFERSMITH, DEFENDANT IN ERROR, v. THE DELAWARE INSURANCE COMPANY, PLAINTIFF IN ERROR.

Argued November 20, 1912—Decided March 3, 1913.

1. Plaintiff's building having been partially destroyed by fire, a second fire occurred in it at a later period and totally destroyed what was left of it. Plaintiff sued upon a policy of insurance issued to him by the defendant to recover the loss sustained by him through the second fire. Proof was offered to show the value of the building before its partial destruction by the first fire, but none was submitted to show how much of that value remained after that fire. *Held*, that, for lack of such proof, even if the liability of the defendant had not been in dispute, the direction of a verdict in favor of the plaintiff for the full amount of the policy was without legal justification.

2. A provision in a fire insurance policy that it shall be void if the building insured shall be or become vacant or unoccupied, and remain so for ten days, applies to a vacancy necessarily resulting from the partial destruction of the building by fire, unless it is otherwise provided in the policy either expressly or by fair implication.

3. The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter a contract for the benefit of one party and to the detriment of the other.

On error to the Supreme Court.

For the plaintiff in error, *Richard Boardman*.

For the defendant in error, *Clarence Kelsey*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This suit was brought upon a policy of insurance for $1,000, issued by the defendant company to the plaintiff, upon a frame building owned by him, and which, the declaration alleged, was destroyed by fire on the 16th day of February, 1909. The trial resulted in the direction of a verdict in favor of the plaintiff for the full amount of the insurance, with interest thereon from the date upon which the defendant was required to pay losses under the terms of the policy. The propriety of this judicial action is now before us for review.

The undisputed facts proved in the case were as follows: On the 15th day of October, 1908, a fire occurred in the building, which partially destroyed it, and thereafter it remained unoccupied. For the damage done by that fire the plaintiff brought suit against the defendant company, and that suit resulted in a judgment against him. On the 16th day of February, 1909, a second fire occurred in the building and completed its destruction. The present suit was brought for the recovery of the loss sustained by the plaintiff from this second fire. The value of the building before the occurrence of the first fire was shown to be about $8,800. How much of this value was wiped out by that fire the evidence failed to indicate, the only proof upon that point being the testimony of the plaintiff himself that the building "was destroyed by the fire and was not able to be occupied." The obligation of the defendant company, under its policy, in the present suit, could not extend beyond the pecuniary loss sustained by the plaintiff from the second fire. Whether that loss exceeded the amount of the insurance, or was less than it, manifestly, depended upon the value of the partially destroyed building after the first fire. There being a total absence of proof upon this point, except the testimony of the plaintiff that the building was "destroyed" by that fire (which suggests the idea that it

was so injured as to make its repair practically impossible and to destroy its value), a verdict for nominal damages was all that the plaintiff was entitled to, conceding that liability on the part of the defendant had been shown—a matter that was in dispute between the parties. The direction of a verdict for the full amount of the insurance was, therefore, plainly erroneous.

But the judgment under review is legally objectionable for a more fundamental reason. One of the provisions of the policy is that it "shall be void if the * * * building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remains for ten days." The proofs disclosed, as has already been stated, that the building was unoccupied during the whole period between the two fires; and this fact was specially pleaded by the defendant in bar of the action. The plaintiff insists that the clause in the policy appealed to by the defendant was suspended, and did not apply in case the vacancy necessarily resulted from the partial destruction of the building by fire; that, by force of another clause of the policy, viz., that it shall be optional with the company to repair, rebuild or replace the property lost or damaged by fire within a reasonable time after receiving proof of such loss, on giving notice of its intention to do so, the insured is required to permit the property to remain in the condition in which the fire left it until after the insurer has exercised its option, and so, "by the very terms of the policy," must allow it to remain unoccupied during that period if the fire has rendered it uninhabitable. The only authority cited by counsel in support of this contention, and the only one which we have found bearing upon it, is the case of *Lancashire Insurance Co.* v. *Bush,* 60 *Neb.* 116. The matter is thus disposed of in the cited case. Until the option of the insurer is exercised, "the plaintiffs could not have made the building habitable without trenching upon the insurer's rights. They were not responsible for the fact that the property was vacant. But, aside from this consideration, we think it very clear that there was no forfeiture under the clause quoted. It could not have been contemplated by the parties that the

building should be occupied when, as a result of its partial destruction by fire, it became unfit for occupancy. If the company was dissatisfied with the risk after July 31st (the date of the first fire), its remedy was by a cancellation of its contract." We are not able to assent to the doctrine thus propounded. It seems to us to inject into the contract of insurance provisions which materially alter the written instrument, and which were not agreed to by the parties. The writing declares that the policy shall be void if the building becomes vacant or unoccupied, and so remains for ten days. There is no suggestion in this language that the provision shall be applicable only when the insured *voluntarily* leaves the premises unoccupied for the specified period. It is the fact of vacancy, not its cause, which makes the provision operative. Nor does it seem to us material, in considering this provision, that it could not have been contemplated by the parties that the building should be occupied when, as a result of its partial destruction by fire, it became unfit for habitation. It may readily be conceived that the parties contemplated that many conditions might arise which would necessarily render the building uninhabitable for a period exceeding the ten-day limit; but what they provided by their contract was that whenever any such condition should arise, and as a consequence thereof the building should become vacant and remain unoccupied for a period longer than that designated, the risk of its injury or destruction by fire should cease to be borne by the company. That the parties had a right to so contract cannot be denied; that they intended so to contract seems to us to be equally clear. The suggestion that, if the company is dissatisfied with its risk after the first fire, its remedy is by a cancellation of its contract, is merely a corollary of what precedes it, namely, that where the vacancy results from the partial destruction of the building by fire, such vacancy does not avoid the policy; for, manifestly, if the policy has become void by reason of the premises having remained unoccupied beyond the ten-day limit, there is thereafter no contract between the parties which can be canceled. Nor are we satisfied that the provision reserving to the insurer the right to

repair at its option excuses the insured from his obligation to keep the premises occupied, until that option is declared. But, assuming that it does have this effect, when the provision is such as that set out in the cited case, the policy now before us, after reserving to the company the right to repair in case of damage by fire, contains the further provision that "there can be no abandonment to this company of the property described." It can hardly be said, we think, in view of this provision, that the premises are to be considered as in the possession of the insurer until it has exercised its option, which, as we understand it, is the idea underlying the declaration in the cited case.

The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other The judicial function of a court of law is to enforce a contract as it is written. In the present case the parties agreed that the responsibility of the company to answer to the plaintiff for loss sustained by him through damage done to his property by fire should cease if he left it unoccupied for more than ten days, and this without regard to the reason for his doing so. If he had seen fit, he might have insisted that the policy should contain a provision that the vacancy clause should not be applicable in case the building should be rendered uninhabitable through a cause for which he was not responsible, and have refused to accept it unless the defendant would so agree. He did not see fit to do this, but entered into an agreement by which he obligated himself. without condition or limitation, not to permit the insured premises to remain unoccupied for a period longer than ten days, and consented that. if he should do so. the policy should become void. As was said by Chief Justice Whelpley, speaking for the Supreme Court, in *School Trustees* v. *Bennett,* 3 *Dutcher* 513: "No rule of law is more firmly established by a long train of decisions than this, that where a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his

contract. The law will not insert, for the benefit of one of the parties, by construction, an exception which the parties have not, either by design or neglect, inserted in their engagement." The doctrine of this case was reiterated by this court in *Middlesex Water Co.* v. *Knappmann Whiting Co.*, 35 *Vroom* 240, and again by the Supreme Court in the recent case of *Board of Education* v. *Surety Co.*, 54 *Id.* 293. Its application to the present case relieves the defendant from liability upon its policy.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, Treacy, JJ.  12.