POWER BUILDING AND LOAN ASSOCIATION, RESPOND-
ENT, v. AJAX FIRE INSURANCE COMPANY, APPEL-
LANT.

Argued October 26, 1932—Decided January 31, 1933.

For the appellant, *Lum, Tamblyn & Colyer*.

For the respondent, *Julius H. Halprin*.

(*Edward Gaulkin* filed a brief as *amicus curiæ*.)

The following opinion was prepared by the late Chief
Justice Gummere, in compliance with the assignment to
him. It clearly expresses the view of the court upon the mat-
ter involved in the litigation, and is adopted by the court as
its own opinion in the cause.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal is taken by the
Ajax Fire Insurance Company, the defendant below. The
suit was brought by the Power Building and Loan Association
upon a fire insurance policy issued by the appellant to one

Thomas Brown, the owner of a lot and building erected thereon in the city of Orange. The plaintiff held a third mortgage of $3,000 upon the property, and the policy issued by the appellant provided, among other things, that any loss or damage to the building by fire should be payable to the mortgagee, the Power Building and Loan Association, as its interest might appear. In the latter part of March, 1930, a fire occurred upon the insured premises and the building was damaged to the extent of $600. The plaintiff claimed that by virtue of the policy it was entitled to recover that amount from the insurance company under the mortgagee clause contained therein.

The case was tried before the court without a jury upon a stipulated state of facts. It appeared in the stipulation that there were other insurance policies upon this property issued to the owner by other insurance companies, and that these latter policies also contained provisions with relation to the payment of the loss sustained by the holders of the first and second mortgages resulting from a fire in the building. The appellant claimed that, in this situation, the several companies issuing insurance for the protection of the different mortgagees were jointly liable to make good that loss, and that each could only be required to pay its proportionate amount thereof; that appellant's proportionate amount was $94.37, and that no more than this sum could be recovered by the plaintiff. The trial court considered this contention to be without merit, for the reason that the contract of insurance which is the subject of the present suit was one in which no person was interested except the owner of the property, the insurance company and the holder of the mortgage; and that whatever loss the holder of the mortgage sustained, the insurance company was bound to make good to the extent of its liability under the policy; and, for this reason, directed the entry of judgment in favor of the plaintiff for the full amount of its claim.

We concur in the view of the trial court that this policy is an independent contract and that the rights of the parties are controlled by it. There is another feature in the case,

however, which leads us to the conclusion that the judgment in favor of the plaintiff was erroneous. It appears from the state of the case that after the fire the plaintiff brought suit to foreclose this mortgage; that the property was sold at the foreclosure sale and the plaintiff was the purchaser at such sale. The stipulated state of facts fails to disclose whether the amount brought at this foreclosure sale was sufficient to satisfy the plaintiff's mortgage in full or whether it was insufficient for that purpose, and this, in our opinion, is a vital factor in the case; for, if the sale brought enough to pay the plaintiff's debt in full, that wiped out any liability on the part of the insurance company, for, clearly, the plaintiff could not recover at the foreclosure suit the full amount of its mortgage, thereby having the debt for which the mortgage was given as security entirely satisfied, and then in addition recover from the insurance company the amount of money provided for in the policy. In other words, after the foreclosure sale and the satisfaction of the plaintiff's debt, it ceased to have any interest as mortgagee in the premises covered by the policy. As the stipulated state of facts does not contain any statement with relation to this situation, the plaintiff's case falls; for, in order to be entitled to recover, the burden rested upon it to show that the foreclosure sale did not produce enough to satisfy the mortgage in full, and that the mortgage debt still remained unsatisfied at least in part. If it had been satisfied in full, then, as has already been indicated, it has no cause of action on the policy. If it has been satisfied in part, then to the extent that the mortgage has been reduced by the purchase money received at the sheriff's sale, the insurance company's liability has also been reduced proportionately.

For the reason indicated, the judgment under review will be reversed.

*For affirmance*—PARKER, LLOYD, KAYS, WELLS, JJ. 4.

*For reversal*—THE CHANCELLOR, TRENCHARD, CASE, BODINE, DONGES, BROGAN, HEHER, HETFIELD, KERNEY, JJ. 9.