425 F.2d 1180
 INSURANCE COMPANY OF NORTH AMERICA, a Corporation,
Plaintiff-Appellee, and State Savings & Loan
Association, a Corporation, and Loren E.
Rector and Mary Rector,
Defendants-Appellees,
v.
CITIZENS INSURANCE COMPANY OF NEW JERSEY, a Corporation,
Defendant-Appellant.
 No. 17916.
 United States Court of Appeals, Seventh Circuit.
 May 13, 1970.
 
 John H. Cunningham, Jr., St. Louis, Mo., Robert L. Broderick, Pope & Driemeyer, E. St. Louis, Ill., Willson, Cunningham & McClellan, St. Louis, Mo., for appellant.
 Howard Boman, James H. Bandy, John W. Leskera, E. St. Louis, Ill., for appellee, Insurance Co. of North America.
 Before MAJOR and CASTLE, Senior Circuit Judges, and FAIRCHILD, circuit judge.
 MAJOR, Senior Circuit Judge.
 
 
 1
 This case involves a controversy between Insurance Company of North America (North America) and Citizens Insurance Company of New Jersey (Citizens), as to which is liable to State Savings & Loan Association (Savings & Loan) for a fire loss under circumstances subsequently related.
 
 
 2
 The case was tried to the court on a stipulation of facts, of which the deposition of Mr. John Hackmann, vice president of Savings & Loan, was made a part. The court rendered judgment in favor of Savings & Loan and against Citizens, from which the latter appeals.
 
 
 3
 In 1964, Loren E. and Mary Rector owned a dwelling house which they mortgaged to Savings & Loan to secure a loan evidenced by a promissory note. To further secure payment of said loan the Rectors procured a fire insurance policy from Citizens, with a Standard Mortgage Clause attached thereto, making loss payable to Savings & Loan, mortgagee, as its interest might appear.
 
 
 4
 The Rectors became delinquent on their payments and, on September 22, 1966, an agreement was entered into between Savings & Loan and the Rectors wherein the latter agreed to deed the mortgaged property to Savings & Loan 'in lieu of the mortgage indebtedness,' with an option to the Rectors to repurchase the property within 45 days. An acceptance of the deed by Savings & Loan was conditioned on title to the property being merchantable. When the title was so found, the deed from the Rectors to Savings & Loan was accepted and recorded on October 24, 1966.
 
 
 5
 On September 28, s966, the insured property (dwelling house and contents) was damaged by fire. Separate claims for such fire loss were made against Citizens by the Rectors and by Savings & Loan. Citizens determined and denied liability to the Rectors. In connection with the claim asserted against it by Savings & Loan, Citizens requested Savings & Loan to execute an assignment to it of an interest in the Rectors' note and mortgage. Savings & Loan advised Citizens that it was unable to comply with the request because the note and mortgage had been paid and cancelled. Citizens denied liability to Savings & Loan on the ground that Savings & Loan by cancellation of the mortgage and promissory note had by operation of law released and lost all rights which it may have had to recover from Citizens on the insurance policy involved.
 
 
 6
 The Rectors renewed their claim against Citizens for damage to their dwelling house in the amount of $10,694.30, plus substantial damages to the contents, which was compromised by payment to them of the sum of $4,250.00. Citizens on brief states the contested issue as follows:
 
 
 7
 'Whether State Savings & Loan Association, holder of a note secured by mortgage on the dwelling house owned by the Rectors, should collect the proceeds of a fire loss to said house under the provisions of the Standard Mortgage Clause attached to the Rectors' 'homeowners' policy issued by Citizens Insurance Company to the Rectors and furnished by them to State Savings & Loan Association as additional security for the payment of the note, in view of the fact that immediately before the fire loss State Savings & Loan Association, Mortgagee, entered into a settlement agreement with the Rectors, and shortly after the fire marked the note paid and released the Rectors from all liability in exchange for a deed to the property.'
 
 
 8
 A resolution of this issue depends upon whether Savings & Loan by reason of its dealings with the Rectors violated or extinguished Citizens' right of subrogation under the provision of the Standard Mortgage Clause.[1]
 
 
 9
 The district court in support of the judgment against Citizens filed a memorandum opinion in which the facts of the case were discussed in detail and which we have carefully considered. It seems to us that the court mistakenly determined the rights of the parties as they existed at the time of the fire loss, rather than at the time Savings & Loan made its claim against Citizens. For instance, the court stated, 'Under the existing facts, the court finds that the mortgage was not paid and satisfied in full by the insured owners.' This finding evidently refers to the time of the fire loss and, if so, is correct.
 
 
 10
 Citizens concedes the fact that at the time of the occurrence of the loss Savings & Loan was merely a mortgagee and held as security for the payment of the Rectors' promissory note two things, a mortgage on the Rectors' real estate and a claim against Citizens for fire loss under the Rectors' fire insurance policy and loss payable clause attached thereto. However, when the agreement entered into between Savings & Loan and the Rectors prior to the fire loss, as heretojore set forth, was afterwards consummated, the mortgage debt was extinguished. At that time Savings & Loan had title to the property, and the note and mortgage had been cancelled. On this point Mr. Hackmann, vice president of Savings & Loan, testified, 'We made arrangements with the Rectors to convey this property to us in lieu of foreclosure, and the consideration would be full release of the mortgage indebtedness * * *.' Thus, Savings & Loan prior to the time it made claim against Citizens had extinguished the debt and, consequently, Citizens' right to subrogation.
 
 
 11
 North America does not cite a single case in support of its effort to affirm the judgment against Citizens. On the other hand, Citizens cites cases from many jurisdictions for the rule that upon satisfaction and release of note and mortgage, the mortgagee's rights in the mortgagor's fire insurance policy terminate. Some of the cases hold that this is the rule even when the note is satisfied and released after the occurrence of a fire loss. We need refer only to a few of the cases called to our attention.
 
 
 12
 In the recent case of Transport Realty Company v. Commercial Union Insurance Company of New York, 7 Cir., 404 F.2d 892, this court cited Illinois cases for the following rule (page 895):
 
 
 13
 'The plaintiff, as mortgagor, was the principal debtor on the mortgage debt, the mortgagee was the principal creditor, and defendant was the surety under the contract. Once the principal debt was paid, the mortgagee had no right to recover anything from defendant. In fact, the only subrogation possible under this type of policy is that of the surety (defendant) to the rights of the mortgagee against the mortgagor, had the surety paid a claim to the mortgagee under the policy.'
 
 
 14
 In Rosenbaum v. Funcannon, 9 Cir., 308 F.2d 680, the court made the pertinent observation (page 684):
 
 
 15
 'On the other hand, it is well settled that full or partial extinguishment of the debt itself, whether prior to the loss (Reynolds v. London (& L. Fire Ins. Co.), 128 Cal. 16, 60 P. 467 (1900)) or subsequent to the loss (Power Bldg. & Loan Assn. v. Ajax Fire Ins. Co., 110 N.J.L. 256, 164 A. 410 (N.J.1933)), precludes to the extent thereof, any recovery by the loss-payable mortgagee for the plain and sole reason that the debt, itself, has been to that extent extinguished."
 
 
 16
 Northwestern National Ins. Co. v. Mildenberger (Mo.App.), 359 S.W.2d 380, is much in point. In that case the insured owner of property had a Standard Mortgage Clause attached in favor of the mortgagee. The property was destroyed by fire. Subsequently, the mortgagee foreclosed on the damaged property because of default on the owner's part, and at the foreclosure sale bid in the property for the unpaid balance due on the note and mortgage. The court held that the debtor-creditor relationship had been terminated and that the mortgagee forfeited its right against the insurance company. In doing so the court reasoned:
 
 
 17
 'A liability may be fixed by the occurrence of conditions which provide for its existence, such as the liability of the insurance company in the instant case to pay to the mortgagee became fixed upon the happening of the fire, but after it becomes thus fixed, it may terminate as to the party in whose favor it existed, here the mortgagee. In the instant case what caused that termination was the payment of the debt by purchase at the foreclosure sale for the full amount of the balance due on the note, and ended the creditor-debtor relationship of the mortgagee and mortgagor.'The district court in deciding against Citizens also reasoned that it waived its right to subrogation by its subsequent settlement with the Rectors. This settlement was made in March 1967, long after Citizens' right to subrogation had been extinguished by the acts of Savings & Loan, in the manner previously shown. It is not discernible to us how a right can be waived which has previously been extinguished by the acts of the opposing party. We do not agree with the district court's reasoning that this settlement with the Rectors indicates that Citizens was not in good faith in its original denial of liability. The Rectors' claim was for $10,694.30, and damages for contents of their home. We find nothing in the record as to the amount which they claimed as damages to contents, but it must have been substantial. North America in its brief states that the Rectors' claim was 'for the contents loss, as well as any vague claim that might have related to the real estate.' In any event, as stated in the Rectors' release, it was 'a compromise settlement of disputed claims.' The compromise settlement was no proof of a lack of good faith on the part of Citizens in denying liability or of bad faith on the part of the Rectors in asserting liability.
 
 
 18
 We hold that the court erred in entering judgment against Citizens.
 
 North America in its complaint alleges:
 
 19
 '13. On September 28, 1966 there was in force a contract of insurance issued by plaintiff to defendant State Savings, INA Policy MEO 6812, by which plaintiff insured defendant State Savings against loss on account of errors. Plaintiff admits that under the terms of said policy it is liable to defendant State Savings if the acts of defendant State Savings' agents constitute a valid defense to the obligation of defendant State Savings, on account of the damage sustained by the structure on Lot 66 as a result of the fire on September 28, 1966.'
 
 
 20
 The judgment appealed from is reversed and the cause remanded, with directions that the judgment be vacated and, in lieu thereof, that a judgment be entered in favor of Savings & Loan and against North America.
 
 
 
 [1]
 'Whenever the company shall pay the Mortgagee any sum for loss or damage under this policy, and shall claim that, as to the Mortgagor or owner, no liability therefor existed, this company shall to the extent of such payment be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held collateral to the mortgage debt * * *.'