■ GUISEPPE BELLUSCI, Appellant, v CITIBANK N.A. et al., Respondents. (And a Third-Party Action.) [611 NYS2d 958] — Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Natasi, J.), entered October 24, 1991 in Westchester County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the complaint.

On or around May 9, 1988, New England Insurance Company (hereinafter New England) issued a fire insurance policy covering real property located at 1620-1638 Park Street in the City of Peekskill, Westchester County (hereinafter the premises). The named insured was the owner of the premises, third-party defendant John J. Barral. Although the policy listed three mortgagees for three unrelated insured locations, the policy did not enumerate a mortgagee or loss payee with respect to the premises.

On July 10, 1988, a fire caused substantial damage to the

premises. Barral submitted a claim to New England for damages caused by the fire. Plaintiff, the mortgagee of the premises, contacted Barral's insurance broker and received assurance that Barral's policy covered the loss and would compensate plaintiff, in spite of the fact that the policy failed to list plaintiff as a mortgagee or loss payee. Thereafter, New England paid the adjusted claim by issuing a check for $58,298.24 made payable to "John J. Barral and [plaintiff] and Rudolph Russo and Azus & Kanin Associates, Inc." After receiving the check from the insurance broker, Barral presented the check to defendant Citibank N.A. which, in turn, accepted the check, credited Barral's account and negotiated the check to defendant Shawmut Bank N.A., the drawee bank. Shawmut paid the check and debited New England's account. Subsequently, plaintiff obtained a judgment of foreclosure and sale against Barral and purchased the premises at the foreclosure sale but failed to obtain a deficiency judgment.

Plaintiff commenced this action against defendants alleging, inter alia, conversion, negligence and breach of contract. After issue was joined, plaintiff moved for an order scheduling examinations before trial and Citibank and Shawmut cross-moved for summary judgment dismissing the complaint, which motions were granted. Plaintiff appeals.

Plaintiff contends that he never endorsed the check issued by New England and that Citibank and Shawmut, by paying the check over a forged endorsement, became liable to him for conversion under UCC 3-419. We disagree. Plaintiff's foreclosure on the premises, subsequent to the fire, is fatal to his cause of action for conversion under UCC 3-419 (1) (c). "Because a mortgagee is entitled to one satisfaction of his debt and no more, the bidding in of the debt to purchase the mortgaged property * * * constitute[s] a satisfaction of the debt" (Whitestone Sav. & Loan Assn. v Allstate Ins. Co., 28 NY2d 332, 335 [citations omitted]), and the satisfaction of the debt terminates the mortgagee's insurable interest (supra, at 334-335). If the foreclosure sale produces a deficiency and the mortgagee fails to procure a deficiency judgment, the proceeds of the sale, regardless of amount, are deemed to be in full satisfaction of the mortgage debt (see, RPAPL 1371 [3]). Because " 'only a person with rights in the instrument may claim conversion' " under UCC 3-419 (State of New York v Barclays Bank of N. Y., 76 NY2d 533, 537, quoting Bailey, Brady on Bank Checks § 27.8, at 27-23), the termination of plaintiff's interest in the insurance proceeds concomitantly

terminates his rights in the check and is fatal to the cause of action against Citibank and Shawmut.

With regard to plaintiff's claim to an equitable interest in the insurance proceeds, that interest was extinguished by foreclosure coupled with his failure to obtain a deficiency judgment against the mortgagor *(see, Kessler v Government Empls. Ins. Co.,* 179 AD2d 492).

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.