[630 NYS2d 123]

Diane Melino, Appellant, v National Grange Mutual Insurance Company, Defendant. CoreStates New Jersey National Bank, Respondent.

Third Department, July 27, 1995

APPEARANCES OF COUNSEL

*Lewis & Stanzione,* Catskill *(Ralph C. Lewis, Jr.,* of counsel), for appellant.

*Cynthia Rosicki, P. C.,* Carle Place *(Andrew Morganstern* of counsel), for respondent.

*Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander,* Albany *(John W. Bailey* of counsel), for defendant.

OPINION OF THE COURT

CREW III, J.

On June 30, 1989, plaintiff purchased a two-family dwelling located in the City of Albany. The purchase was subject to a first mortgage given to Norstar Mortgage Corporation, which ultimately was assigned to National State Bank, an apparent predecessor in interest to CoreStates New Jersey National Bank (hereinafter the Bank), and plaintiff obtained a fire insurance policy for the premises from defendant.

Plaintiff failed to make the required monthly mortgage payments and the Bank commenced a foreclosure action in February 1992. Prior to the foreclosure sale in June 1993, at which the Bank successfully bid $108,018.50 (representing the full amount of the judgment of foreclosure and sale), the property was damaged by fire. Plaintiff thereafter commenced this action against defendant seeking to recover the insurance proceeds. Although the matter was settled for $145,000, defendant applied to Supreme Court for an order designating the party to whom the proceeds should be paid. Supreme Court determined that the Bank was entitled to the proceeds, and this appeal by plaintiff ensued.

Plaintiff, relying upon the Court of Appeals decision in *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.* (28 NY2d 332), contends that the Bank's insurable interest in the mortgage premises was extinguished once it bid the full amount at the foreclosure sale and, hence, it is not entitled to any of the proceeds under the policy issued by defendant. In this regard, it is well settled that where, as here, a mortgagee successfully bids the full amount of the mortgage debt at a foreclosure sale or fails to obtain a deficiency judgment, the mortgagee's insurable interest in the premises terminates and it may not recover under the mortgagee loss payable clause contained in the insurance policy *(see, supra,* at 334-335; *see also, Bellusci v Citibank,* 204 AD2d 843, 844; *Sportsmen's Park v New York*

*Prop. Ins. Underwriting Assn.,* 97 AD2d 893, 894-895, *affd* 63 NY2d 998).

Plaintiff's argument, however, ignores the fact that the Bank is not attempting to recover under the loss payable clause contained in the policy issued by defendant. Instead, the Bank seeks recovery pursuant to paragraph 13 of the mortgage, which provides, in relevant part, that "[i]n the event of foreclosure of this mortgage * * * in extinguishment of the debt secured hereby, all right, title, and interest of the Mortgagor in and to any insurance policies then in force shall pass to [the] purchaser or grantee". Hence, in accordance with this paragraph, plaintiff effectively assigned her rights under defendant's policy, together with her entitlement to any proceeds thereunder, to the Bank.

Contrary to the view expressed by the dissent, we do not believe that the extinguishment of the Bank's debt also terminated the subject mortgage, thus rendering the provisions of paragraph 13 unenforceable. The mortgage, in essence, is a contract between plaintiff and the Bank, setting forth each party's rights and remedies with respect to the mortgaged premises. Thus, absent a showing of fraud, duress, undue influence or illegality, none of which appears to have occurred here, the mortgage remains enforceable *(see generally,* 77 NY Jur 2d, Mortgages and Deeds of Trust, §§ 37-40) and, in accordance with basic principles of contract law, should be interpreted to give each of its subject provisions full force and effect *(see generally,* 22 NY Jur 2d, Contracts, §§ 220-221). Here, plaintiff did nothing more than assign, during the course of what is presumed to have been an arm's length transaction, her rights under defendant's insurance policy to the Bank and, as the Bank correctly notes, both settlement proceeds and the right to recover moneys due under a contract may be assigned *(see,* 6 NY Jur 2d, Assignments, §§ 9, 18).

We also disagree with plaintiff's assertion that enforcement of paragraph 13 violates public policy. While it is true that *Whitestone Sav. & Loan Assn. v Allstate Ins. Co. (supra)* stands for the general proposition that a mortgagee is entitled to only one satisfaction of its debt, which traditionally occurs when the mortgagee bids the full amount at the foreclosure sale, the enforcement of paragraph 13 need not, in our view, result in any inequity to plaintiff. It is important to note that unlike the situation in *Whitestone,* where the mortgagee was attempting to recover under the loss payable clause proceeds

to which the mortgagor otherwise would have been entitled, the Bank here is simply attempting to recover the proceeds that plaintiff freely assigned to it pursuant to paragraph 13 of the mortgage. In interpreting paragraph 13, however, it is important to bear in mind that a foreclosure action is equitable in nature and, as such, paragraph 13 should not be construed in such a fashion as to confer upon the Bank a windfall or double recovery. In this regard, it is readily apparent, and indeed the Bank essentially concedes, that it is not entitled to the full $145,000, as such amount exceeds the extent of its prior lien and, no doubt, the fair market value of the subject property.

Invoking the broad equitable powers of this Court (see generally, Norstar Bank v Morabito, 201 AD2d 545, 546), we are of the view that the Bank is entitled only to the difference between the balance formerly owed under the mortgage, plus interest, and the fair market value of the property. Hence, if it were established that the Bank was owed $115,000 under the mortgage and the fair market value of the property was determined to be $50,000, the Bank would recover $65,000 and the balance of the insurance proceeds would pass to plaintiff. As the record before this Court is not sufficiently complete to make such a determination, we deem it appropriate to remit this matter to Supreme Court for further proceedings in this regard.

SPAIN, J. (dissenting). We respectfully dissent. As the majority has stated, it is well-settled law that where a mortgagee successfully bids the full amount of the secured debt at a foreclosure sale, it loses its insurable interest in the premises and may not recover under the loss payable clause contained in the fire insurance policy (see, Whitestone Sav. & Loan Assn. v Allstate Ins. Co., 28 NY2d 332, 334-335; Sportsmen's Park v New York Prop. Ins. Underwriting Assn., 97 AD2d 893, 894-895, affd 63 NY2d 998). The rationale expressed in Whitestone Sav. & Loan Assn. v Allstate Ins. Co. (supra), as determined by this Court, is based upon the principle "that the mortgagee has received a full return on its loan and the mortgage is discharged" (Morgan v Ellenville Sav. Bank, 55 AD2d 178, 180, lv denied 41 NY2d 803).

We conclude that CoreStates New Jersey National Bank (hereinafter the Bank) may not rely upon paragraph 13 to recover the insurance proceeds in its new capacity as purchaser. The foreclosure sale and acquisition of the mortgaged

premises by the Bank extinguished the mortgage and effectively nullified the provisions of the mortgage *(see, Bellusci v Citibank,* 204 AD2d 843; *Sportsmen's Park v New York Prop. Ins. Underwriting Assn., supra).* The provisions of the mortgage are no longer enforceable.* The Bank, "having purchased the damaged property for the full amount of the mortgage debt, has been made whole and would be unjustly enriched if allowed to retain the insurance proceeds" *(Morgan v Ellenville Sav. Bank, supra,* at 181).

The proper course for the Bank to take was to bid the fair market value of the damaged property and to obtain a deficiency judgment *(see,* RPAPL 1371). Furthermore, any device within the mortgage designed to circumvent the mechanics of RPAPL 1371 may be fatal to the Bank's reliance upon paragraph 13 especially in light of RPAPL 1371 (3), which provides that if no motion for a deficiency judgment is made, as here, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist" (RPAPL 1371 [3]; *see, Morgan v Ellenville Sav. Bank, supra,* at 180).

WHITE and YESAWICH JR., JJ., concur with CREW III, J.; SPAIN, J., and MIKOLL, J. P., dissent in a separate opinion by SPAIN, J.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed defendant to remit to CoreStates New Jersey National Bank the sum of $145,000; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Of some significance is language in Real Property Law § 254, which states that certain covenants contained within a mortgage are enforceable until the time when "the money secured by the mortgage shall be fully paid and satisfied" (Real Property Law § 254 [4] [a], [b]).