■ L.G.H. ENTERPRISES, INC., Respondent, v KADILAC MORTGAGE BANKERS, LTD., Appellant, et al., Defendant. [640 NYS2d 155]

The plaintiff owned improved real property located in Sayville, New York. On September 8, 1989, the plaintiff executed a mortgage and mortgage note in favor of the defendant Kadilac Mortgage Bankers, Ltd. (hereinafter Kadilac), in the amount of $70,000.

In April 1990, Kadilac filed a lis pendens against the property and commenced a foreclosure proceeding against the plaintiff. On February 19, 1992, a fire at the property apparently destroyed the building on the premises and resulted in damages in the sum of approximately $100,000. In April 1993, the defendant New York Property Insurance Underwriting Associates, which had issued the fire insurance policy on the property, issued a $100,000 settlement check payable to the plaintiff and Kadilac jointly. Because the plaintiff and Kadilac disagreed as to who was entitled to the check, the check was never negotiated.

Meanwhile, the foreclosure proceeding continued and a foreclosure sale was conducted on May 24, 1993. The Referee's report of sale indicates that the property was sold to Kadilac for $1,000. Kadilac did not obtain a deficiency judgment pursuant to RPAPL 1371.

The plaintiff subsequently commenced this action seeking a judgment declaring, *inter alia,* that it was entitled to the insurance proceeds. The plaintiff moved for summary judgment and the Supreme Court, holding that Kadilac's failure to obtain a deficiency judgment barred Kadilac from recovering the insurance proceeds, granted the motion. We now reverse.

As the Supreme Court correctly acknowledged, when a mortgagee fails to obtain a deficiency judgment, it may not recover under a mortgagee loss payable clause contained in an insurance policy (*see, Moke Realty Corp. v Whitestone Sav. & Loan Assn.,* 82 Misc 2d 396, *affd* 51 AD2d 1005, *affd* 41 NY2d 954). However, here, Kadilac is seeking to recover insurance proceeds pursuant to the terms of the mortgage, which provides, in relevant part, as follows: "If lender acquires the Property under Paragraph 19 below [foreclosure], all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the sums secured immediately before the Property is acquired by Lender or sold".

We agree with Kadilac that it is contractually entitled to the insurance proceeds at issue (*see, Melino v National Grange Mut. Ins. Co.,* 213 AD2d 86). Accordingly, upon searching the record, Kadilac is entitled to summary judgment declaring that it is entitled to those proceeds. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.