■ GMS Capital Corporation et al., Respondents, v Siegmund Spiegel/Baldur Peter, P. C., et al., Appellants, et al., Defendant. [674 NYS2d 733] —In an action, *inter alia,* to recover damages for negligence and breach of contract, the defendants Siegmund Spiegel/Baldur Peter, P. C., and Spiegel, Peter and Liu appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 30, 1997, as denied their motion to dismiss the first and third causes of action of the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Marilyn Ethel Sheer was the owner of certain real property located in Roslyn, New York. In November 1989, Sheer entered into a Mortgage Agreement (hereinafter the Mortgage) with Home Savings of America, F.A. (hereinafter Home Savings) which provides, in part, the following:

"SECTION C. RIGHTS, AGREEMENTS AND OBLIGATIONS OF BORROWER. Borrower promises and agrees to perform the following obligations in order to protect the security which is given by this Mortgage * * *

"13. Injury to Property. Borrower agrees that all causes of action which Borrower owns or may own for damages or injury to the Property or in connection with the transaction financed in whole or in part by the funds evidenced by the Note, are, at Lender's option, assigned to Lender. The term 'causes of action' refers to a legal right which may be the basis of a lawsuit, and includes, among other things, claims arising in tort, by contract or fraud or concealment of material fact. The proceeds from any recovery will be paid to Lender who, after deducting all its expenses, including reasonable attorneys' fees, *may apply such proceeds to the sums secured by this Mortgage or to any deficiency under this Mortgage* or may release any money so received by it, at Lender's option, as Lender may elect * * * Borrower agrees to execute any further assignments and other instruments as may be necessary to effectuate this paragraph, as Lender may request" (emphasis supplied).

Sheer defaulted under the terms of the Mortgage, and Home Savings obtained a Judgment of Foreclosure against Sheer in September 1992. Thereafter, the Mortgage was assigned to the plaintiffs herein.

The premises were sold in foreclosure on January 28, 1994. No deficiency judgment was obtained against Sheer. Instead, the plaintiffs commenced the instant action to recover damages for injury to personal property against the appellants, architects who allegedly contracted with Sheer to perform architectural work on the premises. Thereafter, the premises were sold by the plaintiffs. However, the plaintiffs claim that a shortfall still remains.

The appellants' contention that the plaintiffs' failure to obtain a deficiency judgment against Sheer precludes the instant law suit is without merit. The Mortgage Agreement clearly contemplates a post-foreclosure action against third parties to satisfy any deficiency on the mortgage debt. Accordingly, the plaintiffs' right to recover any deficiency under the

specific terms of the Mortgage Agreement survives the foreclosure (*see, L.G.H. Enters. v Kadilac Mtge. Bankers,* 225 AD2d 735; *Melino v National Grange Mut. Ins. Co.,* 213 AD2d 86).

The appellants' remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.