■ TIG INSURANCE COMPANY, Formerly TRANSAMERICA INSURANCE COMPANY OF NEW YORK, Plaintiff, v WILSHIRE CREDIT CORP. et al., Respondents, and ALFREDA THOMAS, Appellant. [703 NYS2d 501] —In an interpleader action to determine entitlement to the proceeds of a fire insurance policy, the defendant Alfreda Thomas appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated August 24, 1998, as granted the motion of the defendants Girard Savings Bank, FSB, and Wilshire Credit Corp. for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this interpleader action, the appellant, Alfreda Thomas, as the mortgagor of a property which had been foreclosed upon, and the respondents Girard Savings Bank, FSB, and Wilshire Credit Corp. (hereinafter collectively Girard), as the mortgagee, are each claiming entitlement to the proceeds of a fire insurance policy issued by the plaintiff. Contrary to the appellant's contentions, the Supreme Court correctly determined that Girard was contractually entitled to the proceeds of the policy notwithstanding its failure to obtain a deficiency judgment pursuant to RPAPL 1371 (3). The mortgage agreement provides, *inter alia*, that the proceeds from a fire insurance policy will be used first to reduce the mortgage debt and, only if any funds are remaining, would they be paid to the appellant. Thus, Girard, as a mortgagee, has a contractual right to the insurance proceeds at issue here irrespective of whether or not it obtained a deficiency judgment in the foreclosure action (*see, GMS Capital Corp. v Siegmund Spiegel/Baldur Peter*, 251 AD2d 542; *L.G.H. Enters. v Kadilac Mtge. Bankers*, 225 AD2d 735; *Melino v National Grange Mut. Ins. Co.*, 213 AD2d 86). The appellant's claim that the aforementioned mortgage clause did not expressly state that it applied to the instant situation is without merit (*cf., L.G.H. Enters. v Kadilac Mtge.*

*Bankers, supra; Melino v National Grange Mut. Ins. Co., supra).* O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.