751 A.2d 1063 (2000)
331 N.J. Super. 298
CITY NATIONAL BANK OF NEW JERSEY, a New Jersey Corporation, Plaintiff-Appellant,
v.
SELECTIVE INSURANCE COMPANY OF AMERICA, a Corporation of the State of New Jersey, Defendant-Respondent/ Third-Party Plaintiff,
v.
Kirk D. Rhodes and Jacquelynn Rhodes, Third-Party Defendants.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 2000.
Decided May 17, 2000.
*1064 Raffi Momjian, New York City, for plaintiff-appellant.
J. David Woods, Cedar Grove, for defendant-respondent/third-party plaintiff (Bashwiner & Woods, attorneys; Mr. Woods, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and ARNOLD.
The opinion of the court was delivered by ARNOLD, J.S.C. (temporarily assigned).
Plaintiff City National Bank of New Jersey appeals from an order entered on September 4, 1998 granting summary judgment in favor of defendant Selective Insurance Company of America and from the denial of plaintiff's motion for reconsideration entered on November 30, 1998. We affirm the motion judge's decision dismissing plaintiff's complaint seeking insurance coverage for two incidents of water damage because, as to the first, plaintiff has failed to demonstrate any deficiency as a result of its subsequent foreclosure on the property and, as to the second, coverage is barred by virtue of the vacancy clause of the insurance policy.
Briefly the facts in this matter are as follows. The property in question is a former bank building located in downtown Plainfield. Third-party defendants, Kirk D. Rhodes and Jacquelynn Rhodes, purchased the building on October 14, 1994.[1] Defendant, Selective Insurance Company of America, issued a commercial insurance policy including commercial property coverage on that date. On March 9, 1995, the Rhodes refinanced the mortgage and plaintiff became the mortgagee of the premises. The Selective Insurance policy was endorsed to include plaintiff as a mortgagee.
*1065 The policy issued by defendant provided that if the building was vacant and not under construction for more than sixty days before a loss, then defendant would not pay for damages caused by sprinkler leakage or water damage. Specifically, the policy provided as follows:
VACANCY
If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage, we will:
a. Not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:
(1) Vandalism:
(2) Sprinkler leakage, unless you have protected the system against freezing:
(3) Building glass breakage:
(4) Water damage:
(5) Theft: or
(6) Attempted theft.
b. Reduce the amount we would otherwise pay for the loss or damage by 15%.
A building is vacant when it does not contain enough business personal property to conduct customary operations.
Buildings under construction are not considered vacant.
The policy also contained a so-called builder's risk endorsement which provided for increased coverage during construction. The Rhodes had represented that renovations would begin in November 1994 and be completed by January 1995. However, it is undisputed that renovations were never begun, that the premises remained vacant, and that the builder's risk endorsement was included in three subsequent annual renewals of the policy.
The Rhodes made only one mortgage payment to plaintiff and then defaulted. As a result, on May 29, 1996, a final judgment of foreclosure was entered against the Rhodes. A Sheriff's Sale was conducted on October 23, 1996. Plaintiff purchased the property at the Sheriff's Sale. Significantly, plaintiff has never sought to obtain a deficiency judgment.
This case involves two incidents of water damage. The parties stipulated that the first incident occurred in late January or early February 1996 when a water line in the building froze and burst. The second incident occurred on January 23, 1997 when the sprinkler system froze and burst. On both dates, it is undisputed that the premises were vacant.
As to the first loss, it occurred before the foreclosure and Sheriff's Sale. When a mortgagee acquires property after a loss, its recovery is limited to the amount of deficiency after the acquisition. Power Building and Loan Association v. Ajax Fire Insurance Co., 110 N.J.L. 256, 258, 164 A. 410 (E. & A.1933); See also 495 Corp. v. N.J. Ins. Underwriting Ass'n., 86 N.J. 159, 430 A.2d 203 (1981). Plaintiff has never contended nor offered to prove that the fair market value of the property is less than the mortgage debt. Thus as to this first incident of water damage, plaintiff is not entitled to recover because plaintiff has not demonstrated that the foreclosure sale did not produce enough to satisfy the mortgage in full or that the mortgage debt remained unsatisfied at least in part. Power Building and Loan Association, supra, 110 N.J.L. at 258, 164 A.410.
As to the second incident of water damage, recovery is barred under the vacancy clause in the policy in accordance with the holding in Kupfersmith v. Delaware Ins. Co., 84 N.J.L. 271, 86 A. 399 (E. & A.1913). In Kupfersmith, a first fire occurred on October 15, 1908. That first fire partially destroyed the building after which it was not occupied. Later on February 16, 1909, a second fire occurred in the building and the building was completely destroyed. Plaintiff who owned the building brought suit for recovery for the loss sustained from the second fire. The Court found that recovery for damages *1066 sustained in the second fire was barred by a policy provision providing that the policy "shall be void if the ... building herein described, whether intended for occupancy by owner or tenant, be or becomes vacant or unoccupied and remains so for ten days." The Court held that the vacancy clause in the policy applied even though the building became vacant or unoccupied as a result of the first fire so that there was no insurance coverage.
Here, it is undisputed that the bank building was never occupied. However, plaintiff urges us to disregard the holding in Kupfersmith despite the doctrine of stare decisis by which we are bound. Plaintiff contends that "[a]lthough Kupfersmith is a New Jersey case from the turn of the century, it is respectfully submitted that under the modern rules of insurance jurisprudence and insurance construction developed over the past forty years in New Jersey, the legal result would be different today under the factual complex of that case." We disagree. We are not convinced that our present Supreme Court would reach a contrary result as plaintiff contends.
Plaintiff, relying on Harr v. Allstate Ins. Co., 54 N.J. 287, 255 A.2d 208 (1969) and Merchants Indemnity Corp. v. Eggleston, 37 N.J. 114, 179 A.2d 505 (1962), contends that when defendant renewed the policy it waived its right to enforce the vacancy exclusion. We disagree. Here, unlike in Merchants, there is no evidence of any misrepresentation of coverage or fraud by defendant. Second, plaintiff is not a "layman", as were the plaintiffs in Merchants and Harr, and is therefore chargeable with knowledge of the contents of the policy. Merchants Indemnity Corp., supra, 37 N.J. at 121, 179 A.2d 505. Indeed, pursuant to the terms of the policy, it was plaintiff, as mortgage holder, who had the obligation to notify defendant of any change in ownership, occupancy or substantial change in risk.
Finally, we reject plaintiff's argument that the builders risk endorsement is relevant to the issues in this case. It merely increased coverage for such things as building materials and supplies during construction. It did not abrogate or change the vacancy clause which itself provided that, "[B]uildings under construction are not considered vacant."
Affirmed.
NOTES
[1] Since the third-party complaint is derivative only, the orders entered by the motion judge are final judgments. R. 2:2-3.