821 A.2d 87 (2003)
359 N.J. Super. 534
SOVEREIGN BANK, Plaintiff-Respondent,
v.
UNITED NATIONAL BANK (n/k/a United Trust Bank), Defendant/Third Party, Plaintiff-Appellant, Elder Vergara and Luz M. Vergara, Third Party, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 2003.
Decided March 18, 2003.
*88 Donald S. Maurice, Jr., Bridgewater, argued the cause for appellant (Marino & Maurice, attorneys; Mr. Maurice and Thomas R. Dominczyk, on the brief).
Stephen B. Nolan, Philadelphia, PA, argued the cause for respondent (Stradley, Ronon, Stevens & Young, attorneys; Mr. Nolan, of counsel and on the brief).
Before Judges KING, WEFING and LISA.
The opinion of the court was delivered by WEFING, J.A.D.
Plaintiff, Sovereign Bank ("Sovereign"), sued United National Bank ("United"), a depositary bank, for conversion under N.J.S.A. 12A:3-420. On cross-motions for summary judgment, the trial court ruled for plaintiff and entered judgment in its favor for $65,150. United has appealed. We affirm.
The dispute arises in the following context. In September 1999, Luz and Elder Vergara granted a purchase money mortgage to Sovereign on residential property located at 12 Fisher Avenue in Bound Brook, New Jersey, to secure a loan of $135,992. The mortgage was insured through the United States Department of Housing and Urban Development ("HUD"), and it required the Vergaras to maintain fire, flood and other hazard insurance on the property. The mortgage stated in pertinent part
In the event of loss, ... [a]ll or any part of the insurance proceeds may be applied by Lender (i.e., Sovereign), at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, ... or (b) to the restoration or repair of the damaged Property.... Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security shall be paid to the entity legally entitled thereto.
Several days after closing on this transaction, Hurricane Floyd struck the State of New Jersey and the property suffered extensive flood damage. On November 24, 1999, the Federal Emergency Management Agency ("FEMA"), in connection with the National Flood Insurance Program, issued a check for $52,065.34, payable jointly to the Vergaras, Sovereign and the Secretary of HUD. The Vergaras received the check and on December 11, 1999, they presented it to United. Despite the fact that the check had not been endorsed by either Sovereign or the Secretary of HUD, United accepted the check and credited the proceeds to the Vergaras. The Vergaras diverted the proceeds and have made no payments on the mortgage held by Sovereign.
*89 Sovereign commenced a foreclosure action and obtained a final judgment of foreclosure against the Vergaras in August 2000 in the amount of $145,295.15. According to Sovereign, HUD refused to accept the property in its flood-damaged state and, therefore, Sovereign had to purchase the property at a foreclosure sale and then place it on the open market to protect its interests. The highest offer Sovereign had received for the property was $140,000, but the amount due on the mortgage, with interest and fees, exceeded $180,000. Sovereign asserted it would net no more than $128,905 from a gross sales price of $140,000.
Sovereign did not commence a deficiency action against the Vergaras to reduce its losses. Rather, in December 2000, it commenced this action against United, contending that United had converted the insurance proceeds when it accepted the FEMA check for payment without the endorsement of the joint payees. In August 2001, Sovereign filed an offer of judgment against United for $50,000.

I.
Subsection (a) of N.J.S.A. 12A:3-420 provides in part:
The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.
The Uniform Commercial Code Comment gives the following description of the scope of this section, saying that it
covers cases in which an instrument is payable to two persons and the two persons are not alternative payees, e.g., a check payable to John and Jane Doe.... [N]either payee acting without the consent of the other, is a person entitled to enforce the instrument. If John indorses the check and Jane does not, the indorsement is not effective to allow negotiation of the check. If Depositary Bank takes the check for deposit to John's account, Depositary Bank is liable to Jane for conversion of the check if she did not consent to the transaction. John, acting alone, is not the person entitled to enforce the check because John is not the holder of the check.
Thus, under N.J.S.A. 12A:3-420(a), the Vergaras, by themselves, were not entitled to enforce the instrument and United, as the depositary bank, is liable to Sovereign for conversion. (HUD has waived its interest in the check and this litigation.) In a case that arose prior to the adoption of N.J.S.A. 12A:3-420 in its present format, we stated, "[p]ayment of a draft or check with a missing endorsement is the equivalent of payment of a forged instrument and constitutes conversion against the non-signing payee." Mandelbaum v. P & D Printing, 279 N.J.Super. 427, 432, 652 A.2d 1266 (App.Div.1995). That principle is fully applicable here.
United contends on appeal that Sovereign's failure to bring a deficiency action against the Vergaras bars its claim against United, that Sovereign did not prove the amount of its damages and that the trial court erred by including counsel fees in its award. We disagree with each contention.

A.
That Sovereign did not, after obtaining a final judgment of foreclosure, initiate a separate deficiency action against the Vergaras is immaterial to the question of United's statutory liability for conversion *90 under N.J.S.A. 12A:3-420(a). We decline to engraft principles of mortgage foreclosure law onto the statutory framework legislatively adopted to impose liability for paying an instrument without all required endorsements. Mortgage foreclosure law is intended to provide some measure of protection for the defaulting debtor while also attempting to assure the creditor satisfaction of the outstanding debt. The policy considerations underlying mortgage foreclosure law do not inhere in this litigation.
Nor do we perceive any benefit to requiring Sovereign to pursue the Vergaras, from whom, in all likelihood, it will be unable to obtain any real satisfaction, before permitting it to proceed against United. The Uniform Commercial Code imposes strict liability upon a depositary bank for conversion. Leeds v. Chase Manhattan Bank, 331 N.J.Super. 416, 422, 752A.2d 332 (App.Div.2000). The Code recognizes that "the loss should normally come to rest upon the first solvent party in the stream after the [wrongdoer]." 2 White & Summers, Uniform Commercial Code, § 18-1 (4th ed.1995). We have no basis to depart from that structure in this matter. United, by accepting the FEMA check without the required endorsements, did not act in a commercially reasonable manner. Mandelbaum, supra, 279 N.J.Super. at 435, 652 A.2d 1266. It is not at all unjust to hold that United should assume the risk and burden of attempting to collect from the Vergaras, against whom a default judgment has been entered.
United relies upon Bellusci v. Citibank, 204 A.D.2d 843, 611 N.Y.S.2d 958 (App.Div.1994), in support of its position. To the extent the court in that case held that, as a matter of law, a mortgagee is barred from seeking to recover from a depositary bank that had paid upon a check that lacked the necessary endorsements when the mortgagee failed to institute a deficiency action against the defaulting mortgagor, we disagree.
The court in that case concluded that because a mortgagee is entitled to but one satisfaction of his debt, the mortgagee's insurable interest in the property terminated with the judgment of foreclosure. Id. at 844, 611 N.Y.S.2d 958. There is no indication in that case that the mortgagee had not been made whole through the foreclosure proceedings. Indeed, the clear import of the court's opinion is that the mortgagee had suffered no loss.
That, however, is not the case before us. We are not confronted with a mortgagee who seeks a windfall by receiving more than it is owed, a result that would be contrary both to fundamental fairness and to basic principles of the Code. White & Summers, supra, § 18-6. According to all the material submitted to us in connection with this appeal, Sovereign will still not have recovered all that it is due. There is no reasonable prospect of an impermissible "double recovery." Leeds, supra, 331 N.J.Super. at 423, 752 A.2d 332.
United also relies upon City Nat'l Bank v. Selective Ins. Co., 331 N.J.Super. 298, 751 A.2d 1063 (App.Div.), certif. denied, 165 N.J. 528, 760 A.2d 782 (2000), to support its position that Sovereign was compelled to initiate a deficiency action. That case also is distinguishable for it involved a claim by a mortgagee to recover under an insurance policy for water damage which occurred prior to the mortgagee obtaining the property through foreclosure. Id. at 300, 751 A.2d 1063. It was in that context that we spoke of the mortgagee's failure to contend or prove the property was worth less than the mortgage debt. Id. at 301, 751 A.2d 1063. As we noted earlier, we perceive no basis to permit foreclosure principles to interfere with the Code's strict liability for conversion.

*91 B.
Nor do we agree with United's position that Sovereign did not adequately establish its damages. Subsection (b) of N.J.S.A. 12A:3-420 provides that in an action commenced under subsection (a), "the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument." If United were of the view that Sovereign acted in a commercially unreasonable manner when it proposed to accept an offer of $140,000 for this property, it had the burden of establishing that fact. Sovereign is not entitled to recover more than its loss, which in this case is the amount converted. United presented no competent proof that Sovereign could have obtained a greater price for this damaged property or that Sovereign's loss was any less than the converted amount.
The cases upon which United relies are unavailing. Plaintiff in Yeager & Sullivan Inc. v. The Farmers Bank, 162 Ind.App. 15, 317 N.E.2d 792, 793 (1974), sought to recover the proceeds of five checks that had been converted. The defendant bank included among its defenses that plaintiff had suffered no loss because the checks in question had been used to pay expenses of a joint venture in which plaintiff was a participant. Id. at 794. The court recognized that the bank, which was asserting that defense, had the burden to establish such mitigation, id. at 800, a holding fully consonant with our analysis here.
Plaintiff in Thigpen v. Allstate Indemnity Co., 757 F.Supp. 757 (S.D.Miss.1991), sued for conversion when two checks issued by defendant following a fire loss, upon which he was a co-payee, were negotiated without his endorsement. He sought to recover the face value of both checks ($92,332.85 for loss of the dwelling and $44,500 for loss of contents), despite his admission that he had no ownership interest of any kind in the dwelling and that any property he lost in the fire was worth no more than $1500. Id. at 760. The court noted that the case presented "a clear circumstance in which an award in the face amount of the converted checks would work an injustice to the defendant by presenting to the plaintiff an unearned, and for that matter, unexpected, benefit." Ibid. There is nothing comparable here.

C.
United's final argument relates to the inclusion of interest, fees and costs under the offer of judgment rule in the judgment awarded to Sovereign. We noted earlier that Sovereign had, pursuant to R. 4:58-1, filed an offer to take judgment in the amount of $50,000. R. 4:58-2 provides in part:
If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, (a) all reasonable litigation expenses incurred following non-acceptance; (b) eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later; and (c) a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance.
United contends it should not be subject to R. 4:58-2 because it could not have accepted Sovereign's offer of judgment since, at the time it was filed, HUD had a potential claim under N.J.S.A. 12A:3-420. United stresses that the written waiver by HUD of any claim in this matter was not prepared until several months after the offer of judgment was filed.
*92 At bottom, United's contention, that it did not have sufficient information about the position of HUD vis-a-vis this litigation to accept Sovereign's offer of judgment, runs counter to the purpose of the rule, which is to encourage the early disposition of claims that should be settled. Schettino v. Roizman Dev., Inc., 158 N.J. 476, 482, 730 A.2d 797 (1999). There is no indication in this record, for instance, that United either attempted to join HUD as a party or engaged in any discovery aimed at learning HUD's intended course of action. United should not be permitted to avoid the consequences of R. 4:58-2 through its own inactivity.
We note, moreover, the structure of the rule, which distinguishes between an award of interest under R. 4:58-2(b) and an award of attorneys fees under R. 4:58-2(c). Subsection (b) provides that eight percent interest shall run from the later of the date of the offer of judgment or the close of discovery. Subsection (c), on the other hand, contains no such distinction and refers merely to "subsequent services." The rule can be understood only to refer to legal services rendered subsequent to the filing of the offer of judgment, not subsequent to after-occurring events.
United does not challenge the trial court's calculations, only the applicability of R. 4:58-2. In our view, the rule was fully applicable to this matter.
Affirmed.