■ DAVE BOFILL MARINE, INC. et al., Appellants, v BNY MELLON, N.A., as Successor in Interest to MELLON BANK, N.A., et al., Respondents. [949 NYS2d 439]—

In an action, inter alia, to recover damages for conversion, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Pines, J.), dated May 20, 2011, which denied their motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated September 22, 2011, as denied that branch of their motion which was for leave to renew their prior motion and, in effect, their opposition to the prior cross motion.

Ordered that the order dated May 20, 2011, is affirmed; and it is further,

Ordered that the order dated September 22, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs, Dave Bofill Marine, Inc., and David Bofill, also known as Dave Bofill, were mortgagees of a business property operating as Kydds Marine Center (hereinafter Kydds). The property was damaged by a fire in 2007, and an insurance check was issued in the amount of $300,000, made payable to Kydds and the plaintiffs and drawn on the defendant BNY Mellon, N.A., as successor in interest to various Mellon entities (hereinafter Mellon). Kydds deposited the check into its account with the defendant Capital One Bank, N.A., doing business as Capital One Bank USA, NA (hereinafter Capital One), which collected the check and applied it to the account.

Thereafter, Kydds defaulted on the mortgage and surrendered the property to the plaintiffs by deed in lieu of foreclosure. The

plaintiffs resold the property in 2009 and the new purchasers assumed the mortgage in a reduced amount.

The plaintiffs then brought this action against Mellon and Capital One, alleging that David Bofill's signature on the insurance check had been forged, and asserting causes of action pursuant to UCC 3-419 to recover damages for conversion against drawee bank Mellon and for breach of contract against collecting bank Capital One.

The Supreme Court correctly found that the plaintiffs' insurable interest in the property terminated with the execution of the deed of foreclosure and the subsequent resale of the property (*see Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 335-336 [1971]; *Option One Mtge. Corp. v JPMorgan Chase & Co.*, 93 AD3d 480 [2012]; *Bellusci v Citibank*, 204 AD2d 843, 844-845 [1994]; *Melino v National Grange Mut. Ins. Co.*, 213 AD2d 86, 87 [1995]; *but see Intercounty Mtge. Corp. v McCrof Realty*, 261 AD2d 183 [1999]). Since only a person with rights in an instrument may bring an action under UCC 3-419, the termination of the plaintiffs' interest in the insurance proceeds concomitantly terminated their rights in the check and was fatal to both of their causes of action (*see Bellusci v Citibank*, 204 AD2d at 844-845; *cf. Sovereign Bank v United Natl. Bank*, 359 NJ Super 534, 821 A2d 87 [2003]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint and properly granted the defendants' cross motion for summary judgment dismissing the complaint.

In support of that branch of their motion which was for leave to renew, the plaintiffs needed to proffer either new facts which were unavailable at the time of the prior motion or a reasonable justification for the failure to have presented such facts on the prior motion (*see* CPLR 2221 [e]; *Deutsche Bank Natl. Trust Co. v Matheson*, 77 AD3d 883, 883-884 [2010]). Since they failed to do either, the Supreme Court properly denied that branch of the motion.

The plaintiffs' remaining contentions either have been rendered academic in light of our determination or are without merit. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.