UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, C. I. O., TOOL, DIEMAKERS AND MACHINISTS LOCAL NO. 420, PROSECUTOR, v. WALTER KIDDE & COMPANY, INC., DEFENDANT.

Submitted October 7, 1947—Decided February 6, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Rothbard, Harris & Oxfeld* (*Samuel L. Rothbard, Emil Oxfeld* and *Abraham L. Friedman,* of counsel).

For the defendant, *Lum, Fairlie & Foster* (*Joseph J. Biunno,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J. · This is an application for a writ of *certiorari* to review the determination of former Supreme Court Justice Parker, refusing to make an order under *R. S.* 2:40-12, directing the parties to arbitrate their differences regarding a general wage increase. The facts have been stipulated. In so far as they are pertinent here, they are as follows:

On November 16th, 1945, the prosecutor and defendant entered into a collective labor agreement relating to rates of pay, wages and hours of work and other conditions of employment governing the defendant's employees. The agreement was to be effective for a period of one year, and was

automatically renewable from year to year thereafter unless revised, modified or terminated as provided in the agreement.

Article V, paragraph 1 (a) of the agreement provides as follows:

"The Company shall maintain throughout the term of this Agreement the following rates of pay:

| Grade | Minimum | Maximum |
|-------|---------|---------|
| 10 | $ .65 | $ .85 |
| 9 | .70 | .90 |
| 8 | .79 | .98 |
| 7 | .88 | 1.07 |
| 6 | .98 | 1.17 |
| 5 | 1.08 | 1.30 |
| 4 | 1.20 | 1.44 |
| 3 | 1.31 | 1.60" |

Paragraphs (b), (c) and (d) set forth a schedule of Automatic Wage Increases in Labor Grades 3 to 10 and provide for a review, on a merit basis by the company of the performance records of all hourly employees every four months on their rate anniversary dates. Any disagreements with merit increases granted or not granted are to be adjusted through the grievance procedure.

Article VII, of the labor agreement is entitled "Negotiations and Adjustments" and paragraph 1 and 2 of said article provide as follows:

"1. Wages, hours and other conditions of employment shall be negotiated between the Company and the Union whenever necessary during the life of this Agreement.

"2. Any supplemental agreements made as a result of negotiations described in Paragraph 1, between the Company and the Union, relating to wages, hours or other conditions of employment during the life of this Agreement, shall be reduced to writing, executed by both parties and made a part of this Agreement."

On or about March 19th, 1946, approximately eight months before the agreement was to expire, prosecutor notified defendant that they desired to open negotiations with the

defendant with respect to wages and demanded that all of defendant's employees represented by them receive increases of eighteen and one-half cents (18½c) per hour, retroactive to November 16th, 1945, as against which proposed general increase there be credited the respective sums received by each of such employees as a general wage increase on November 16th, 1945.

The parties were unable to reach an agreement with respect to the general wage increase sought by the prosecutor. Accordingly prosecutor applied to Supreme Court Justice Parker for an order under *R. S.* 2:40–12 directing that the differences be arbitrated in accordance with Article IX—Grievance Procedure—Arbitration, as set forth in the agreement of November 16th, 1945. The defendant contended that the contract did not oblige it to submit to compulsory arbitration on the question of the proposed general wage increase demanded by prosecutor. Mr. Justice Parker being in accord with this contention held that no case for arbitration under the statute had been presented, and accordingly denied prosecutor's application.

We are of the opinion that there is no provision in the contract requiring arbitration concerning the issue of a general wage increase. As we read the record it appears to us that prosecutor's reliance placed upon certain provisions of the contract relating to arbitration have no applicability to the arbitration of a question of a general wage increase if the parties cannot agree thereon. The increase sought by the Union after the contract in question had been in effect for a period of approximately only four months were not such increases provided for under the automatic or merit increase provisions specifically set forth in the contract. We have searched the contract in vain and find no specific provision requiring arbitration of the issue before us. True, the contract does provide under article V, paragraph 1 (d), that "disagreement with merit increases granted or not granted may be processed through the Grievance Procedure." However, this is not in our opinion to say that the question of a general wage increase is to be so dealt with. Furthermore, under article VII, "Negotiations and Adjustments," relating to

the questions of wages, hours and other conditions of employment are mandatorily made subject to negotiation "between the Company and the Union whenever necessary during the life of this Agreement." The agreement is completely barren as to any provision which prescribes that if the parties do not come to an agreement on these questions as the result of their negotiations, compulsory arbitration may be ordered under *R. S.* 2:40–12.

The defendant's contention that compulsory arbitration of the question of a general wage increase was not contemplated by the terms of the agreement is further substantiated by the provisions of article XVII, "Term of Agreement," paragraph 1 (c), which provides:

"(c) If any revision is thus proposed the parties shall negotiate the same and attempt to reach an agreement with respect to the proposed change or changes. This agreement, however, can be amended only by the mutual agreement of the parties hereto."

It seems to us and we so hold that the foregoing provision negatives the contention of the prosecutor.

Prosecutor has called our attention to the case of *United Electrical, Radio and Machine Workers of America Local 411, C. I. O.,* v. *National Pneumatic Co.,* 134 *N. J. L.* 349; 48 *Atl. Rep.* (2d) 295, wherein Mr. Justice Bodine speaking for this court held that under the collective bargaining agreement therein construed, a wage dispute was properly subjected to compulsory arbitration under *R. S.* 2:40–12. A reading of the cited case will reveal that the collective bargaining agreement therein considered and that now before us varied materially in their respective terms. In the National Pneumatic case the contract specifically provided for general wage increases of five cents (5c) each on certain specified dates, on condition that the company's volume of business for billing to its customers on goods manufactured or produced at its plant averaged $291,000 per month or more, and that in the event the company's volume of business did not average $291,000 per month or more, the specific issue of the general wage increase of five-cents-per-hour should be re-negotiated. Upon the company's failure to grant

the specific increase as provided in the contract Mr. Justice Bodine properly held that the issue was subject to arbitration as provided in the agreement. Here, the facts are otherwise. There is no specific provision regarding general wage increases as existed in the National Pneumatic case. This fact is in our opinion the distinguishing factor upon which the National Pneumatic case and that at bar may be reconciled. The parties here have reduced their differences to written agreement. This being so we will not vary the terms thereof and in effect write a new contract for them. There being no debatable question raised by the prosecutor, we have no alternative except to discharge the rule.

The rule to show cause is accordingly discharged.