31 N.J. Super. 548 (1954)
107 A.2d 513
STANDARD REFINERY UNION, INCORPORATED, A NEW JERSEY CORPORATION, PETITIONER-APPELLANT,
v.
ESSO STANDARD OIL COMPANY, A DELAWARE CORPORATION LICENSED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 6, 1954.
Decided August 24, 1954.
*549 Before Judges LEYDEN, McGEEHAN and BRENNAN.
Mr. Joseph F. Walsh argued the cause for the appellant (Messrs. Bracken & Walsh, attorneys).
Mr. William L. Dill, Jr., argued the cause for the respondent (Messrs. Stryker, Tams & Horner, attorneys).
Mr. Henry J. Bender, attorney for Congress of Industrial Organizations and Oil Workers International Union  CIO (Mr. Arthur J. Goldberg of the District of Columbia Bar and Mr. Lindsay P. Walden of the Colorado Bar on the brief), amici curiae.
The opinion of the court was delivered by LEYDEN, J.S.C. (temporarily assigned).
On November 30, 1951 appellant, hereinafter called the Union, and respondent, hereinafter called the Company, entered into a collective bargaining agreement wherein, inter alia, the Company recognized the Union as the exclusive bargaining agent for "all operating, mechanical, and maintenance employees of the Bayonne Refinery, including Eagle Division, but excluding all clerical employees, all professional and technical *550 employees, all laboratory technicians and analysts, and all executives and supervisors; * * *," "for the purpose of statutory collective bargaining in respect to rates of pay, wages, hours of employment and other conditions of employment of such employees."
On August 6, 1952 the Company contracted with the Fluor Corporation, Ltd., of Los Angeles, California, for the engineering and erection of a 3,500 barrel per day vacuum re-run pipe still at the refinery. The work required more than 14 months for its completion and involved the construction and installation of complex and intricate equipment centered around a 70-foot tower. Workmen employed by the contractor who were not members of the bargaining unit erected the still. The Union objected to the contract and the grievance procedure set forth in the bargaining agreement was invoked. The Union and the Company were unable to reach an accord. The Union filed a petition (complaint, see R.R. 4:85-2) in the Superior Court, Law Division, pursuant to N.J.S. 2A:24-1 et seq., alleging substantially that the Company and the Union agreed to submit all disputes between them to arbitration; that there is a pending dispute concerning the answer to the question, "Does the Collective Bargaining Agreement dated November 30, 1951, between Esso Standard Oil Company, Bayonne Refinery, and the Standard Refinery Union permit the Company to engage for the performance of bargaining unit work personnel not represented by the Union?", and that the Company refuses to arbitrate.
An order was granted requiring the Company to show cause why it should not be directed to proceed with arbitration in accordance with the agreement. The company filed answer denying the material allegations of the complaint and setting up the right to engage independent contractors to do certain work at its refinery; that the question propounded is not one arbitrable under the provisions of the collective bargaining agreement nor was an arbitrable question stated by the Union.
After hearing and argument Judge Speakman determined there was no arbitrable dispute and the Union was not entitled *551 to the relief sought. Judgment was entered in favor of the Company. This appeal is from that judgment.
We have examined the bargaining agreement. It deals with rates of pay, wages, hours and conditions of employment of the operating, mechanical and maintenance employees of the refinery. We find no provision relating to new construction or the erection of additional facilities. Obviously new construction of the type called for in the agreement of August 6, 1952 is not operating, mechanical or maintenance work as intended in the bargaining agreement.
Under the terms of the agreement a grievance is a dispute between an individual or group of employees, or the Union and the Company over (1) an alleged violation of contract terms; (2) the interpretation of the contract; and (3) any other dispute arising out of the contract. The grievance procedure is in six steps starting with the employee's immediate foreman, then successively up the line to the president of the Company. If the grievance is not thereby settled and the dispute concerns the interpretation or violation of contract terms, an arbitrable question shall be stated and upon a refusal to arbitrate resort may be had to the Arbitration Act, N.J.S. 2A:24-1 et seq. Thus the right to the arbitration of unresolved disputes is restricted and limited to those involving the violation or interpretation of contract terms. It does not encompass any and all possible controversies between the parties. See Marchant v. Mead Morrison Mfg. Co., 252 N.Y. 284, 169 N.E. 386 (Ct. App. 1929). No provision of the agreement supports the proposition that the Company may not contract any work unless that work is performed by members of the Union.
The parties have the right to stand upon the precise terms of their agreement and are bound only to the extent to which they have expressly agreed. Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1 (E. & A. 1935); Machine Printers Beneficial Association v. Merrill Textile Print Works, Inc., 12 N.J. Super. 26 (App. Div. 1951); Federal Labor Union 23393 v. American Can Co., 28 N.J. Super. 306 (App. Div. 1953). See also Article XVII, Section *552 4 of the agreement, "The right of either party to require strict performance hereunder by the other shall not be affected by any waiver, forebearance, or course of dealing."
The question posed by the Union for arbitration does not fairly or truly reflect its position. Paraphrasing and changing slightly the question as submitted by the Company, we feel that the dispute may more accurately be stated, "Does the collective bargaining agreement between the Union and the Company require the Company to submit to arbitration its right to engage independent contractors to construct additional facilities at the refinery when any part of the job contracted could be performed by an employee of the Company represented by the Union?" Neither question is arbitrable as involving a dispute over the violation or interpretation of the terms of the contract. The Union insists the phrase in the grievance procedure article, "any other dispute arising out of this contract" makes its question arbitrable as one of interpretation, relying solely upon the certification and recognition clauses of the agreement. But this argument loses sight of the express language of the arbitration clause by which the right is limited and restricted to contract terms.
The court will not write a new contract for the parties or vary, enlarge, alter or distort its terms for the benefit of one to the detriment of the other under the guise of judicial interpretation. Kupfersmith v. Delaware Insurance Company, 84 N.J.L. 271 (E. & A. 1913); United Electrical, &c., No. 240 v. Walter Kidde, &c. Inc., 136 N.J.L. 544 (Sup. Ct. 1948); Gould Storage Battery Corp. v. United Electrical, &c., 137 N.J.L. 522 (Sup. Ct. 1948); Textile Workers Union of America v. Firestone Plastics, &c., Co., 6 N.J. Super. 235 (App. Div. 1950).
We are in accord with the result reached by the Law Division and find no error requiring a reversal.
The judgment is affirmed.