690 A.2d 1092

MARLBORO TOWNSHIP BOARD OF EDUCATION, PLAINTIFF–
APPELLANT, v. MARLBORO TOWNSHIP EDUCATION
ASSOCIATION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 3, 1997—Decided April 1, 1997.

Before Judges PETRELLA, LANDAU and KIMMELMAN.

*Rodney T. Hara* argued the cause for appellant (*Fogarty & Hara*, attorneys; *Janet Parmelee* and *Mr. Hara*, on the brief).

*Stephen B. Hunter* argued the cause for respondent (*Klausner & Hunter*, attorneys; *Mr. Hunter*, of counsel, and on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

This is an appeal by plaintiff Marlboro Township Board of Education (Board) from a Chancery Division order which dismissed its complaint to restrain defendant Marlboro Township Education Association (Association) from arbitrating a purported grievance under its contract with the Board.

Pamela Goldberg was employed by the Board as a bus driver under contracts which expired annually from September 1990 through June, 1995. During these five consecutive employments, Goldberg's cumulative days of absence from work totaled 362.5.[1]

On April 27, 1995, the Board voted simply not to renew Goldberg's annual contract. No disciplinary action was taken. The Association then filed a grievance on behalf of Goldberg, contending that "the termination of employment is in violation of her contractual rights guaranteed in Section One, Article IV, Employee Rights, H. among other contractual violations," seeking thereby to convert the failure to renew into a disciplinary matter.

The collective negotiation agreement between the Board and the Association provides in pertinent part:

[Section One, Art. I, C.]

4c. The arbitrator shall have no power or authority to add to, subtract from, change or modify any of the terms of this Agreement.

[Section One, Art. IV, *Employee Rights.*]

---

[1] 20.5 days in 1990–1991; 69 days in 1991–1992; 13.5 days in 1992–1993; 76.5 days in 1993–1994; and 183 days (the entire school year) in 1994–1995.

H.   No employee shall be disciplined without just cause.

[Section One, Article VI, *Management Rights.*]

B.   The exercise of the foregoing powers, rights, authority, duties and responsibilities by the Board, *the adoption of policies,* rules, regulations and practices in furtherance thereof, and the use of judgment and discretion in connection therewith *shall be limited only by the specific and expressed terms of this agreement* and then only to the extent such specific and expressed terms hereof are in conformance with the Constitution and the laws of the State of New Jersey, and the Constitution and laws of the United States.

[Emphasis added.]

The Board's policy number 4210, implemented July 1, 1990, provides:

*It is the policy of this district that transportation,* cafeteria, custodial/maintenance, cafeteria aides, instructional aides, and library aides personnel *be employed on an annual contract basis with the proviso that annual renewal is a prerogative of the board.* It is not the intent of the board to provide tenure status to any employees in these categories nor to any other employee for whom tenure provision is not made in law.

[Emphasis added.]

The grievance procedure is governed by Section One, Article III, of the collective negotiation agreement and consists of four levels. The final level is binding arbitration. Goldberg sought reinstatement "at a job fitting the positions she left at [sic]."

After Goldberg's assertion of a grievance was rejected by both the school superintendent and the Board, the Association filed a request for arbitration with the Public Employment Relations Commission (PERC). An arbitration was scheduled by PERC for March 1996, but was postponed by reason of the Board's initiation of this suit to restrain the arbitration by an "Order to Show Cause" in the Chancery Division. The Board contended that the grievance was not arbitrable inasmuch as the contract "did not confer the right of reemployment to bus drivers."

By order entered May 13, 1996, the Chancery judge dismissed the Board's complaint seeking to restrain arbitration, citing "a wide open argument which the Arbitrator can listen to" concerning whether "just cause" is necessary to dismiss an at-will employee. We disagree and reverse.

Our review of the parties' collective negotiation agreement confirms that it provides no provision which, expressly or by inference, converts annual appointments of bus drivers into de facto tenured employments. Indeed, the Board policy unambiguously states that the annual renewal of employees similarly situated to Goldberg is "a prerogative of the board."

The circumstances of the present case are markedly different from those we addressed in *Hunterdon Central Regional High School Bd. of Ed. v. Hunterdon Central Bus Drivers Ass'n*, 21 *NJPER* ¶ 26030 (App.Div.), *certif. denied* 140 *N.J.* 277, 658 *A.2d* 301 (1995). There, a bus driver was suspended for disregarding work rules and warned that any further infraction would result in her dismissal. Subsequently, the employee was reprimanded for violation of another work rule. The Board then reviewed the charges, and terminated her employment effective at the expiration of her contract. In other words, a disciplinary action was alive at the time for contract renewal.

In affirming PERC's decision that the bus driver's grievance following her termination was arbitrable, we noted that "a school board may agree to extend contractual tenure to a non-professional employee such as a bus driver by a promise to continue his or her employment absent just cause for termination or renewal." *Hunterdon, supra.* We concluded therefore, that the question of whether the Board negotiated job security was one for the arbitrator. *Id.* In the present case, the contract (Section Five, Art. XXXIV, C) and the Board policy expressly incorporated by the contract clearly indicate that a bus driver's employment may be ended without cause, subject to notification before April 30.

The Board here did not purport to discipline Goldberg, nor is there any reason so to characterize its decision not to rehire her. It merely exercised a clearly enunciated contractual right not to renew, an issue we do not regard as arbitrable in these circumstances. We decline to insert judicially a tenure provision into a contract when it was not negotiated by the parties. *See Standard Refinery Union v. Esso Standard Oil Co.*, 31 *N.J.Super.*

548, 552, 107 *A.*2d 513 (App.Div.1954)("[C]ourt will not write a new contract for the parties or vary, enlarge, alter or distort its terms for the benefit of one to the detriment of the other under the guise of judicial interpretation."). However, even if we deemed this to be a disciplinary termination, the rights of a similarly situated disciplinee should rise no higher than those of a faultless employee who had no right to reemployment.

At oral argument, the Association sought to invoke the holding in cases such as *Branti v. Finkel* [2], 445 *U.S.* 507, 512 n. 6, 100 *S.Ct.* 1287, 1291–1292 n. 6, 63 *L.Ed.*2d 574, 587 n. 6 (1980) and *Elrod v. Burns,* 427 *U.S.* 347, 96 *S.Ct.* 2673, 49 *L.Ed.*2d 547 (1976) to support a holding that there is no difference between a termination and nonrenewal of contract of an at-will employee. These must be understood in the context of the First Amendment settings in which they arose. This is not a case in which it is asserted that Goldberg was not reappointed because of her political affiliations or lack of political affiliation. *Compare Battaglia v. Union Cty. Welfare Bd.,* 88 *N.J.* 48, 55–63, 438 *A.*2d 530 (1981), *cert. den.* 456 *U.S.* 965, 102 *S.Ct.* 2045, 72 *L.Ed.*2d 490 (1982)(termination or refusal to re-appoint an at-will public employee does not give rise to a cause of action, unless it fits the *Branti–Elrod* pattern.)

Reversed and remanded for entry of an order precluding arbitration.

---

[2] Cited in *Hunterdon, supra.* This case, and the more recently decided U.S. Supreme Court decision in *Board of County Comm'rs v. Umbehr,* —— *U.S.* ——, 116 *S.Ct.* 2342, 135 *L.Ed.*2d 843 (1996) and *O'Hare Truck Service v. City of Northlake,* —— *U.S.* ——, 116 *S.Ct.* 2353, 135 *L.Ed.*2d 874 (1996) were recently considered by us in *CWA v. Whitman,* 298 *N.J.Super.* 162, 689 *A.*2d 166 (App.Div.1997).