800 A.2d 250 (2002)
352 N.J. Super. 442
CAMDEN BOARD OF EDUCATION, Plaintiff-Appellant,
v.
Nelson ALEXANDER, Juan Diaz, Herminio Febres, David Sims, Lawrence Hackett, James Bradley, Wesley Coston, William Hedgebeth, Andre Moody, Angel Pagan, Erineo Santiago, Larry Williams, Derek Copeland, Robert Hawkins, Charles Smith, and Communications Workers of America, AFL-CIO, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 2002.
Decided June 28, 2002.
*251 David F. Corrigan, Middletown, argued the cause for appellant (Murray, Murray & Corrigan, attorneys; Karen A. Murray, of counsel; Thomas M. Toman, Jr., on the brief).
Steven P. Weissman, Somerset, argued the cause for respondents (Weissman & Mintz, attorneys; Mr. Weissman and William G. Schimmel, on the brief).
Before Judges KING, CUFF and WECKER.
The opinion of the court was delivered by CUFF, J.A.D.
At the conclusion of the 1999-2000 school year, plaintiff Camden Board of Education (the Board) voted not to renew the annual contracts of fifteen custodial/maintenance employees for the new school year. Defendants, the fifteen terminated employees whose contracts were not renewed, invoked the grievance/arbitration provisions of the collective bargaining agreement. In this appeal, we review an order which rejected the Board's application *252 to restrain arbitration of the non-renewal of the fifteen contracts. We modify and affirm.
Custodial/maintenance employees of the Board are appointed on an annual basis from July 1 to June 30. Defendants Nelson Alexander, James Bradley, Derek Copeland, Wesley Coston, Juan Diaz, Herminio Febres, Lawrence Hackett, Robert Hawkins, William Hedgebeth, Andre Moody, Angel Pagan, Erineo Santiago, David Sims, Charles Smith and Larry Williams have been employed as custodians or mechanics by the Board for ten or more years. Four of defendants had fifteen or more years of service. Prior to the Board's decision not to renew defendants' contracts, all fifteen employees received similar letters warning that disciplinary action, including "not being recommended for reappointment," could be taken due to excessive absenteeism. On June 28, 2000, the Board decided not to renew the fifteen defendants' contracts for the 2000-01 school year. The Board, however, permitted a Donaldson[1] hearing for any employee who requested one.
Each defendant is a member of Local 1079 Custodial and Maintenance Employees of the Communications Workers of America, AFL-CIO (the Union). The Board and the Union entered a collective bargaining agreement. The agreement does not have express language providing for tenure, an automatic right to renew absent just cause, or a right to a hearing for non-renewal. The agreement does address, however, discipline and seniority. Article IV provides that no employee may be disciplined or reprimanded without just cause and disciplinary actions shall be subject to the grievance procedure outlined in the agreement. Article XII provides that layoffs shall be by inverse order of seniority.
The agreement defines a "grievance" as a "complaint by an employee or the Union that there has been ... a personal loss, injury or inconvenience because of a violation, misinterpretation or misapplication of this Agreement." The agreement also recognizes that the Board retains full jurisdiction and authority over matters of policy and retains the right to "hire, promote, transfer, assign and retain employees in positions within the School District, and to suspend, demote, discharge or take other disciplinary action against employees."
Following the June 28, 2000 vote by the Board not to renew defendants' contracts, the Union and the Board agreed to waive the preliminary steps of the contractual grievance procedure and to submit the terminations to arbitration. On March 31, 2001, the Board challenged the arbitrability of the grievance just prior to the first arbitration. Initially, the Board filed an application to restrain the arbitration with the Commissioner of Education, who transferred the matter to the Office of Administrative Law (OAL). The Administrative Law Judge denied the Board's application, the Commissioner affirmed the decision, and the first arbitration proceeded under protest of the Board.
On June 15, 2002, following the first scheduled arbitration, the Board filed a verified complaint in lieu of prerogative writs seeking a permanent injunction restraining the scheduled arbitrations. By order dated August 8, 2001, Judge Orlando denied the relief. In his oral opinion, Judge Orlando found:
In this case there are provisions for discipline. There are just cause employee *253 rights as well as the grievance procedures which culminated an arbitration hearing. And, the employees should have the right to present that argument to an arbitrator to make a determination as to whether or not the scope of the rights afforded to the employees under the just cause provision, as well as whether the reason for the nonrenewals is pretextual in terms of either being disciplined or a [ruse] to engage in a layoff.
I find to the same effect is the Hunterdon Central decision which was affirmedwhich was the Appellate Division's affirmance of aa PERC decision. There as the Court noted, ... a School Board may agree to extend contractual tenure to a non-professional employee such as a bus driver by a promise to continue his or her employment absent just cause for termination or renewal. The question of whether the Board, in fact, did so is one for the arbitrator.
Judge Orlando also distinguished Marlboro Township Board of Education v. Marlboro Township Education Association, 299 N.J.Super. 283, 690 A.2d 1092 (App.Div.), certif. denied, 151 N.J. 71, 697 A.2d 544 (1997), because there was a disciplinary warning, the Board had not reserved in the contract non-renewal as a prerogative of the Board, and the non-renewals departed from the seniority provisions governing layoffs. The Board appeals from the August 8, 2001 order.
N.J.S.A. 18A:17-3 provides that every public school janitor shall receive tenure, unless appointed for a fixed term. Here, it is undisputed that each defendant is governed by this statute and has been appointed for a fixed term. Tenure, however, may be conferred on a public school janitor by virtue of the express terms of the collective bargaining agreement. Wright v. Board of Educ. of E. Orange, 99 N.J. 112, 491 A.2d 644 (1985). An untenured employee may also be entitled to arbitrate the termination of employment if the employer has negotiated a disciplinary review procedure which includes the right of an untenured employee to arbitrate termination for misconduct. In such cases the untenured employee bears the burden of proof that the termination is a ploy by the employer to avoid the agreed disciplinary review procedures. Office of Employee Relations v. Communications Workers of Am., 154 N.J. 98, 114-15, 711 A.2d 300 (1998). When, however, the school board employee is appointed to a fixed contract subject to renewal each year and the collective bargaining agreement does not provide for tenure to any covered employee, an employee whose contract is not renewed is not entitled to invoke the grievance/arbitration procedure of the contract to contest the termination. Marlboro Twp., supra.
In Marlboro Township, the employee was a bus driver who was appointed to an annual contract. There was no language in the contract which conferred tenure on the bus drivers after a specified number of years of service. Furthermore, the board of education had adopted a policy statement which expressly provided that transportation and custodial/maintenance employees were employed on an annual basis and the annual renewal of the contract was a prerogative of the board of education. Id. at 285, 690 A.2d 1092. Transportation employees were members of a union and the collective bargaining agreement provided that no employee could be disciplined without just cause. Ibid.
The bus driver in Marlboro Twp. was appointed to five successive annual contracts. During her employment, she missed 362.5 days of work; however, she was never disciplined. At the end of her *254 fifth annual contract, the board of education decided not to renew her contract. Id. at 284, 690 A.2d 1092. This court rebuffed the union's request to submit her termination to arbitration. We found that neither the contract between the board of education and the employee nor the collective bargaining agreement expressly or by inference conferred tenure on the employees. Id. at 286, 690 A.2d 1092. Furthermore, although the employee had a deplorable employment record, the employer had never disciplined her and there was nothing in the record which characterized its decision not to renew as discipline for her absenteeism. Ibid. Rather, the board of education simply exercised a clearly enunciated contractual right not to renew. Under the circumstances of the case, the non-renewal was not arbitrable. Ibid.
In the course of our decision, we distinguished Hunterdon Central Regional High School Board of Education v. Hunterdon Central Bus Drivers Association, 21 NJPER ¶ 26030 (App.Div.), certif. denied, 140 N.J. 277, 658 A.2d 301 (1995), because the bus driver had been subject to discipline during the course of the annual contract and had been warned that any further infraction would be cause for dismissal. Subsequently, the employee was reprimanded for violation of another work rule. The employer then reviewed the charges and terminated the driver's employment at the expiration of her contract. The employee was entitled to invoke the grievance/ arbitration procedures of the collective bargaining agreement because the disciplinary action was "alive" at the time of contract renewal. Marlboro Twp., supra, 299 N.J.Super. at 286, 690 A.2d 1092.
By way of contrast, in Office of Employee Relations, the Supreme Court held that an unclassified professional employee was entitled to invoke the grievance/arbitration to contest her termination. 154 N.J. at 114-15, 711 A.2d 300. Significantly, despite the unclassified nature of her position, the State had agreed in the collective bargaining agreement that unclassified employees with six or more years of service who were terminated for misconduct could appeal the termination. Id. at 102, 711 A.2d 300. The Court recognized "that it may seem counter-intuitive to permit an employer to fire an employee for no reason, yet require the employer to provide a hearing to an employee who is not charged with misconduct." Id. at 115, 711 A.2d 300. It noted, however, that the State had agreed to this procedure in two successive agreements. Ibid. The Court further emphasized that the employer may not circumvent the agreed disciplinary review procedures by terminating unclassified employees for misconduct without officially charging the employees with misconduct. Id. at 117, 711 A.2d 300.
Here, unlike in Marlboro Twp., each defendant received a letter approximately one month before the Board's June 28 meeting citing excessive absenteeism and notifying the employee that disciplinary action, including not being recommended for reappointment may be taken. Thus, we cannot say as in Marlboro Twp. that "the board ... did not purport to discipline [the employee], nor is there any reason so to characterize its decision not to rehire her." Marlboro Twp., supra, 299 N.J.Super. at 286, 690 A.2d 1092. While a disciplinary action was not "alive" at the time of non-renewal as in Hunterdon Central, the text and timing of the warning issued to defendants suggests that the Board may have circumvented the agreed disciplinary review procedures by terminating the custodians for cause without officially charging the employees with misconduct.
*255 As in Office of Employee Relations, we recognize the anomaly of requiring a hearing for an employee ostensibly fired for no cause. On the other hand, the Board cannot be encouraged to circumvent contractual disciplinary standards and disciplinary review procedures. To resolve the tension between the Board's right to elect not to renew a contract for no reason and the employee's right to be disciplined only for cause, as in Office of Employee Relations, the terminated employees must bear the initial burden of proof that they were terminated for cause. If any employee fails to carry their burden of proof on this issue, the right to grieve the termination is foreclosed due to the nature of the term of their employment, with the possible exception of a grievance concerning a violation of the seniority provision of Article XII of the contract.
Affirmed, as modified.
NOTES
[1] In Donaldson v. Board of Education of North Wildwood, 65 N.J. 236, 320 A.2d 857 (1974), the Court held that an untenured teacher was entitled to have the Board of Education give a statement of reasons for non-renewal.