826 A.2d 778 (2003)
362 N.J. Super. 7
CRESSKILL BOARD OF EDUCATION, Plaintiff-Respondent,
v.
CRESSKILL EDUCATION ASSOCIATION, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued April 8, 2003.
Decided July 3, 2003.
*779 Judiann Chartier, Highland Park, argued the cause for appellant (Oxfeld Cohen, attorneys; Sanford R. Oxfeld, of counsel and on the brief).
Rodney T. Hara, Fairlawn, argued the cause for respondent (Fogarty & Hara, attorneys; Mr. Hara, of counsel and on the brief; Janet L. Parmelee, on the brief).
Before Judges PRESSLER, AXELRAD and HOENS.
The opinion of the court was delivered by AXELRAD, J.T.C. (temporarily assigned).
Defendant, Cresskill Education Association (Association), the collective bargaining representative for the school district's employees, appeals the Chancery Division judgment restraining arbitration of a grievance challenging the decision of the Cresskill Board of Education (Board) not to renew the annual employment contract of a non-tenured school custodian, Robert DeMarco. On appeal, the Association argues that the trial court exercised jurisdiction greater than that given in the collective negotiations agreement (CNA) in restraining the arbitration. It further contends the lack of prohibitive language in the CNA and the lack of public policy restraint indicate that arbitration should be allowed under these circumstances. The Association also claims the trial court erred in its analysis of relevant case law and ignored other relevant case law, leading to an incorrect conclusion. Finally, the Association asserts the trial court erred in relying on DeMarco's individual employment contract which it contends was in conflict with the CNA.
We are not persuaded by the Association's arguments. After reviewing the record in light of the oral and written arguments of the parties, we affirm the grant of the final judgment substantially for the reasons articulated by Judge Gerald C. Escala in his well-reasoned written opinion of April 24, 2002.
On July 1, 1998, the Board, a public employer as defined by the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1, hired DeMarco as a public school custodian under a one-year renewable employment agreement. DeMarco's annual contract was subsequently renewed twice to include the 1999-2000 and 2000-2001 school years, and he was issued an annual employment contract for each school year. DeMarco's one-page employment contract states term, salary, employee requirements, and provides that it "may at any time be terminated by either party without cause by giving to the other 30 day's notice in writing of intention to terminate the same, [otherwise] the contract shall run for the full term named above. The contract may be terminated at anytime for good cause." None of these provisions conflicts with, limits, or constitutes a waiver of any provision in the CNA.
At all times relevant to this case, DeMarco was represented by the Association, which negotiated a CNA with the Board, on behalf of the janitors, commencing July 1, 1999 and ending June 30, 2002. The CNA does not contain any language, express or which could be implied, granting tenure or guaranteeing reemployment for janitors who work for the Board. According to Board Policy No. 4146, "Nonrenewal *780 of Nontenured Support Staff Employment Contracts," the only rights to which non-tenured support staff members who are nonrenewed are entitled are a written statement of reasons for the non-renewal and an opportunity to meet informally with the Board, provided the support staff person follows the prescribed timeliness. Nor does the CNA contain any provision conferring on the arbitrator the authority to settle arbitrability disputes.
Based upon a series of performance evaluations during the summers of 1999 and 2000 noting problems with DeMarco's attitude, inefficiency in completing tasks outlined by his supervisor, and lack of cooperation with other employees, on August 23, 2000, superintendent Dr. Judith Weiss notified DeMarco in writing he would be terminated effective August 31, 2000, and would be given thirty days' pay in lieu of the thirty-day notification period required under his employment contract. The Association filed a grievance with the superintendent of schools on DeMarco's behalf on September 26, 2000, alleging the dismissal was "unjust and improper". Weiss denied the grievance. The Association then filed a grievance with the Board, which was denied on November 17, 2000. Consequently, the Association submitted the grievance to the New Jersey Public Employment Relations Commission ("PERC") for arbitration. In a decision issued May 30, 2001, the arbitrator concluded that although the Board had just cause to discipline DeMarco, because there was no progressive discipline, it did not have just cause to terminate him. The arbitrator reinstated DeMarco to his former position without back pay.
On June 6, 2001, Weiss notified DeMarco in writing that his contract for employment would not be renewed for the 2001-2002 school year. The letter also informed DeMarco he could request a statement of reasons for the non-renewal from the Board and an informal hearing before the Board. On June 12, 2001, Weiss informed DeMarco in writing that the Board determined it was not in the school district's best interests for him to return to work for the final month of the reinstated contract and the Board would compensate him for the time. Pursuant to DeMarco's request, on June 12, 2001 Weiss provided a written statement of reasons for his non-renewal, which were identical to the problems noted in previous performance evaluations, and the letter made particular reference to the June 2000 evaluation.
On June 28, 2001, the Association again filed a grievance with Weiss, this time alleging DeMarco's termination was disciplinary and without just cause. In denying the grievance in her letter of July 19, 2001, Weiss noted it was the Board's position that since the individual employment contract ends on June 30 of each year and a custodian does not acquire tenure, the non-renewal of the non-tenured employee's annual contract is non-grievable. Weiss enumerated a list of reasons for DeMarco's non-renewal including problems listed in DeMarco's evaluations, negative reports from his former supervisors, and her own observations. In response, the Association filed a grievance with the Board, which was denied in writing on August 7, 2001, for substantially the same reasons previously set forth by Weiss. On August 17, 2001, the Association filed another request for arbitration regarding the "improper dismissal of Bob DeMarco."
The Board filed a verified complaint and order to show cause seeking to restrain the arbitration of the grievance. The Board argued the matter was not arbitrable predicated on the parties' CNA which does not confer a right of reemployment of school custodians. The Association took the position there is no specific language in *781 the agreement precluding arbitration so the Board's decision not to renew DeMarco's contract is arbitrable. The parties agreed to hold the arbitration in abeyance pending the outcome of this litigation.
On April 24, 2002, Judge Escala issued a final judgment restraining arbitration of the grievance for improper dismissal, which is the subject of this appeal. He preliminarily found it was within the province of the court to determine whether the dispute was arbitrable because the parties' CNA did not contain an express contractual provision delegating the authority to resolve disputes over arbitrability to arbitrators. Moreover, he noted that our Supreme Court in Wright v. Board of Educ. of the City of East Orange, 99 N.J. 112, 119, 491 A.2d 644 (1985), interpreted N.J.S.A. 18A:17-2 as allowing the Board to deny tenure to custodians. Therefore, it was the parties' prerogative whether or not to negotiate a right of reemployment for custodians in their collective negotiations agreement. Accordingly, he concluded, "[i]n view of the court's holding in Wright, and the parties' failure to negotiate a right of reemployment, ... the language of the collective negotiations agreement controls and ... Mr. DeMarco has no right of reemployment."
In reaching his decision, the judge relied on Marlboro Township Bd. of Educ. v. Marlboro Township Educ. Ass'n., 299 N.J.Super. 283, 690 A.2d 1092 (App. Div.), certif.denied, 151 N.J. 71, 697 A.2d 544 (1997), involving a grievance filed on behalf of a non-tenured bus driver whose annual employment contract was not renewed because he had been chronically absent from work. In Marlboro we held that the Board's decision not to renew the bus driver's annual employment contract did not constitute discipline, but was rather "a clearly enunciated contractual right not to renew, an issue we do not regard as arbitrable in these circumstances." Id. at 286, 690 A.2d 1092. We declined "to insert judicially a tenure provision into a contract when it was not negotiated by the parties" noting that "even if we deemed this to be a disciplinary termination, the rights of a similarly situated disciplinee should rise no higher than those of a faultless employee who had no right to reemployment." Id. at 286-87, 690 A.2d 1092.
Judge Escala was not persuaded by the Association's argument that Marlboro is distinguishable because the Board's decision not to renew DeMarco's contract was disciplinary in nature. He concluded:
In both instances, the Board's decision not to renew the employee was a result of performance-related deficiencies. In Mr. DeMarco's case, it was his failure to assist other custodians and his inefficiency in completing assignments. In Marlboro, the bus driver's chronic absences prompted the Board's non-renewal. Therefore, I hold that the Board's decision not to renew Mr. DeMarco's annual employment contract did not constitute discipline, but was rather a contractual prerogative of the Board. Accordingly, I find that the Board has a right to restrain the instant arbitration.
Nor was Judge Escala persuaded by the Association's reliance on Hunterdon Central Regional High School Bd. of Educ. v. Hunterdon Central Bus Driver's Ass'n., 21 N.J.P.E.R. ¶ 26030 (App.Div.), certif. denied, 140 N.J. 277 (1995). In Hunterdon Central, a bus driver who had consistently disregarded work rules was terminated at the expiration of her annual contract. In holding that the bus driver's grievance was arbitrable, we noted that "a school board may agree to extend contractual tenure to a non-professional employee such as a bus driver by a promise to continue his or her employment absent just cause for termination or renewal" and held that the *782 question of whether the Board negotiated job security was one for the arbitrator. Id. Judge Escala concluded:
The case at bar is markedly different from Hunterdon Central. The issue in the matter sub judice is whether Mr. DeMarco had a contractual right to reemployment, not whether the Board negotiated job security. Moreover, the instant case concerns the non-renewal of a non-tenured employee, rather than the mere termination of a contract as in Hunterdon Central. These nuances distinguish the instant matter from Hunterdon Central and undermine its precedential import.
Judge Escala properly analyzed the relevant case law in light of the facts of this case. We discern no abuse of discretion in the judge's conclusion that he had the authority to determine whether the instant dispute was arbitrable. He noted the absence of any provision in the CNA or DeMarco's individual contract conferring on the employee a right to contract renewal or re-employment, or any right to proceed with a grievance for non-renewal of his annual contract. Moreover, even though New Jersey public policy favors arbitration of disputes over litigation, public policy also favors upholding the terms of a contract as negotiated by the parties. "In the absence of an express contract provision conferring authority on the arbitrator, it is uniquely within the province of the courts, and not arbitrators, to make the initial and threshold determination of the arbitrability of a particular issue." Laborers' Local Union v. Interstate Curb & Sidewalk, 90 N.J. 456, 463, 448 A.2d 980 (1982).
Nor did Judge Escala err in applying the Marlboro holding and finding that the Board's decision not to renew the contract of DeMarco, a non-tenured employee, because of his failure to be a team player, was a contractual prerogative of the Board and, therefore, non-grievable. The arbitration of DeMarco's disciplinary action was concluded in May 2001, when the arbitrator reinstated DeMarco to his position for the balance of his contract without back pay.
The fact that the arbitrator reinstated DeMarco for the final month of his 2000-2001 contract does not confer additional rights with respect to subsequent reemployment. The decision not to renew his contract occurred subsequently and was independent of the disciplinary matter. And the basis of the arbitration decision was simply that the termination during the term of DeMarco's contract was not justified. The issue here was, rather, the right of the Board after the expiration of the initial term not to offer DeMarco an additional term of employment. It is immaterial that the reasons cited by the superintendent for non-renewal of DeMarco's contract were identical to the problems noted in previous performance evaluations and the basis for his termination during the term. It is of no consequence that in Marlboro the Board expressly retained the prerogative of annual renewal of transportation and other contracts while here there was no such reservation in any Board policy contained in the record.
The fact remains that DeMarco had no right of reemployment or renewal under either the CNA or his individual contract. Echoing the words of Judge Landau in Marlboro, a disciplinee should be accorded no greater rights than those accorded to a faultless non-renewed employee. 299 N.J.Super. at 286-87, 690 A.2d 1092. The non-renewal was within the purview of the CNA and within the Board's prerogative and not subject to arbitration. Moreover, the Hunterdon decision on which the Association relies involved a scope of negotiations *783 dispute that was properly heard by PERC. PERC did not address contractual arbitrability, but rather, it affirmed the negotiability of the subject of job permanence for nonprofessional, non-tenured employees, which is not an issue in our case. 21 N.J.P.E.R. ¶ 26030.
The Association also urges us to rely on a recent unpublished opinion of this court. We are, however, satisfied it is not precedential and is distinguishable on its facts. R. 1:36-3.
Finally, we find no inconsistency between the terms of the CNA and DeMarco's individual contract. Nor do we discern an abuse of discretion in Judge Escala's interpretation of the parties' agreements. We are satisfied there is an adequate basis in the record and in the applicable law to support the court's restraint of the arbitration of DeMarco's grievance.
Affirmed.